ROBERT MINTER, Respondent, *v.* PACIFIC RAILROAD, Appellant.

41b 503
85a 48

*Bailment—Carriers—Agent.*—A delivery to a servant or duly authorized agent of a common carrier, who is in the habit of receiving packages, is a sufficient delivery to the carrier; and the acts of the agent within the usual scope of his employment will bind the employer regardless of any private instructions, unless the party delivering the package knew of the instructions. Where a passenger delivered his trunk and a piece of carpeting to the baggage master of a passenger railroad train and received a check for his trunk, but was told that no check was necessary for the carpet as it would go safely—*held*, that the railroad company was liable for the loss of the carpet, although by the printed rules of the company the baggage master was forbidden to receive as passenger's baggage articles of merchandise.

*Appeal from St. Louis Circuit Court.*

*Geo. E. Leighton*, for appellant.

I. If there is any point established in the law of carriers, it is that before the carrier can be held responsible, the property must have been delivered to him or his proper servant—Ang. on Car. §§ 143–6 ; Ford v. Mitchell, 21 Ind. 54 ; Packard v. Getman, 6 Cow. 757 ; Trowbridge v. Chapin, 23 Conn. 595 ; Tower v. Utica & Schen. R.R. 7 Hill, 47 ; 1 Ld. Raym. 46 ; Edw. Bail. 446.

It must be a servant entrusted by the carrier to receive the goods, and not to one engaged in other duties—Blanchard v. Isaacs, 3 Barb. 388.

It must be to a servant authorized to receive it for the carriers—Redf. Rail. 245.

It must be delivered at the usual place of receiving similar articles, with notice to the proper servant—2 Redf. Rail. 46.

In an action against the carrier, the receipt being denied, such delivery must be shown affirmatively as part of the plaintiff's case. There was no such delivery in this case. Taking the plaintiff's evidence as all true, no authority was shown to exist in the person to whom it is said the property was delivered. There is no evidence that it was delivered to the proper servant, or at the usual place for receiving similar articles.

II. The first instruction given for defendant was undoubtedly the law applicable to the case. The finding is directly against the law as given in that instruction.

This case must be distinguished from that class of cases in which a custom of receiving by a particular employee, or at a particular place, with the knowledge of the carrier, has been held to dispense with proof of express authority. In such cases the carrier is estopped from denying authority in the servant, when by his own usual course he has given reason to the public to infer such authority. There is no pretence of such usage or custom here. For cases of this general

character, see Merriam v. Hart. & N. H. R.R., 20 Conn. 354; Burrill v. North, 2 Kern. 680; Peckford v. Grand Junc. R.R., 12 M. & Welsby, 765; D'Angier v. Deagle, 3 Har. & J. 206; Camden & Amb. R.R. v. Belknap, 21 Wend. 254; Cobham v. Doane, 5 Esp. 41.

So far as this case and the plaintiff are concerned, the defendant must be regarded as a carrier of passengers exclusively. There was no distinct price paid or asked for the carriage of this carpet; it was not included in the price of his ticket, for that would only cover personal baggage. This delivery must be regarded, then, as a delivery to the servant individually, not to the carrier—Middleton v. Foster, 1 Salk. 282; 9 Wend. 85; 25 Wend. 459; 6 Hill, 586.

*Sherzer, Hunton & Moss*, for respondent.

I. The company having, with full knowledge of the character of the article to be transported, received and accepted the same as baggage, is liable. This proposition, so consonant to reason and common sense, is laid down as law in Redf. Rail., 2 ed., 312, § 144; 2 id., 3 ed., 749, § 171, & 150–2, n. 2; Great Northern Rail. v. Shepherd, 7 Eng. Rail. Cas. 316; 21 Law Jour. 114; Cahill v. L. & N.W. Railw. Co., 10 C. B. (N. S.) 170, et seq.; Add. Cont. 499; id. on Wrongs, p. 4, and cases cited in note *c.*

(*a*) A company acting through agents or servants is bound by acts of agent when within the scope of his employment— 2 Kent, 6th ed., 617; Sto. Ag. 547; 1 Redf. Rail., 3d. ed., 510, & n. p. 513.

(*b*) The baggage agent of the company was such agent— Butler v. Hudson River R., 3 E. D. Smith, (N. Y.) 571–3; 1 Redf. Rail., 3d ed., 510, & n. p. 513; 2 Kent, 621, n. *a.*, 6th ed.; 1 Sto. on Cont. 206, § 134, as to what is general agent.

It certainly cannot be denied that the company may receive as baggage whatever it sees fit so to do; in other words, it may in respect to this make any contract it pleases.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his action in the court below against the defendant, as a common carrier, for the value of a piece of carpeting, alleged to have been delivered to the defendant for transportation from St. Louis to Kansas City, and by the defendant lost. The defendant denied that the carpeting was ever delivered to it, and on this fact issue was joined. The facts appear to be that, on or about the 20th of October, 1865, plaintiff came to defendant's passenger depot at St. Louis, Missouri, having with him a trunk and the piece of carpeting in controversy ; that, having purchased a ticket to his destination in Kansas City, he demanded of the defendant's agent for receiving and checking baggage at the depot a check for the trunk, which was given, and at the same time asked for a check for his carpeting, when the agent told him that " it was unnecessary," that " he would strap it on the trunk ; one check would do for both ; it would go safely." Plaintiff then delivered the same to the baggage agent, who took it into his care and custody, but it was lost in the course of the transit and never returned to plaintiff. The trunk went safely and was duly delivered. The defendant resisted a recovery exclusively on the ground that the agent had no authority to receive the carpeting to be carried by the passenger train, and that it should have been taken as freight to another and distinct depot and carried on another train. It also introduced in evidence its instructions to baggage men, by which they were prohibited to check or receive any articles of freight or merchandise on passenger trains. On the above facts the court gave judgment for the plaintiff.

A delivery to a servant or duly authorized agent of a common carrier, who is in the habit of receiving packages, is unquestionably to be considered a sufficient delivery—Ang. on Car. § 146. But to make the common carrier responsible as such, the delivery must be made to a servant who is instructed to receive the goods and not to a person engaged in other duties—Ang. § 129. In Blanchard v. Isaacs, 3

Barb. 388, a coat was delivered to the driver of a stage coach by a person not a passenger, to be delivered to another in a different place, but nothing was paid for the transportation of the coat, and the driver refused to put it upon the way-bill, saying that he had no right to do so ; and there was no proof that the coat ever came to the possession of the proprietor of the stage or any of his agents ; it was held that there was no delivery of the coat to the proprietor, and that he was not responsible as a common carrier for the loss. The driver of the stage coach had no authority to receive the coat, and he distinctly informed the owner of the fact. It was not put upon the way-bill nor was it taken as baggage, because the person to whom it belonged was not a passenger. Under the circumstances the proprietor was clearly not liable, and the owner knowingly sent the coat at his own risk. When there is no special contract, a common carrier is only bound to carry the passenger, with such baggage as the traveller usually carries, comprising clothing and such articles as are generally taken along for personal convenience—Ang. on Car. § 115 ; Sto. on Bail. § 499. But if the traveller takes with him other articles, which do not come strictly within the denomination of baggage and exposes them to view, so that no concealment is practised, and the carrier chooses to treat them as personal baggage and carries them accordingly, and a loss occurs, he will be responsible therefor— Great Northern Rail. Co. v. Shepherd, Eng. Rail. Cas. 310.

Will the fact that the company instructed the baggage master not to receive or check any article of merchandise on the passenger train exonerate them from liability ? It is not pretended that the plaintiff had any notice of such instruction, or that the agent was not acting within the general line of his duty. The general rule is that " If a servant is acting in the execution of his master's order, and by his negligence cause injury to a third party, the master will be responsible, although the servant's act was not necessary for the proper performance of his duty to his master, or was even

contrary to his master's order"—Smith on Mast. & Serv. 157. And so Story lays down the law, that the acts of the agent bind the principal in all cases where the agent is acting within the scope of his usual employment, or is held out to the public, or to the other party, as having competent authority, although in fact he has, in the particular instance, exceeded or violated his instructions, and acted without authority (Sto. on Ag. § 443); and by the application of these elementary rules to railroad companies, it has been held to make no difference in regard to the liability of the company for the act of the servant, while acting in the due course of his employment, that he did not follow their instructions either general or special—Derby v. Phil. & Read. R.R., 14 How. (U. S.) 468.

Now, the right of the plaintiff to recover here, is because the carpeting was placed in charge of the baggage master to be transported to Kansas City. The company had entrusted to their agent authority to receive and check baggage, and have also given him power to determine what property came within that clas, or description of property. The agent, in the usual and ostensible scope of his employment, received the carpeting without hesitation, and said that one check would answer for both the carpeting and the trunk; that he would strap them together and they would go safe. This was a complete reception by and delivery to the company. The plaintiff was not apprised or notified that it was against any law or regulation of the company for the article to be carried on the train on which he took passage; the person authorized and appointed for that purpose received it willingly, and any private order or instruction given by the company to its agents as to what articles should be received and checked for, could not exonerate it from liability or impair the rights of the plaintiff. The disobeying of orders on the part of the servant cannot be allowed to work an injury to innocent third persons.

Judgment affirmed. The other judges concur.