JAMES H. SPOONER, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 22, 1886.

1. COMMON CARRIERS—BAGGAGE—MEANING OF TERM.—What is, and what is not *baggage*, depends upon the circumstances of each individual case; upon the length of the journey; the purpose for which it is made; the position in life and occupation of the traveler; the mode of conveyance, and the character of country through which he intends to pass. Anything may be carried as personal baggage which travelers usually carry for their personal use, comfort, instruction, or amusement, having regard to the circumstances enumerated. But articles carried *for sale* are not baggage, without regard to what the articles may be.

2. PRACTICE—NEW TRIAL—CASE ADJUDGED.—Where the verdict, as in this case, so far as regards certain articles carried by the plaintiff for sale, was absolutely without proof to support it, and was against a sworn admission made by the plaintiff, the court should have granted a new trial. But as to the valise, and the articles contained in it which were properly baggage, the plaintiff can recover.

3. DAMAGES—MEASURE OF—CASE ADJUDGED.—In this case the value of the property lost, which was baggage, with interest, was the correct measure of damages. If the property had a market value, then the market value, otherwise the value of it for use to the plaintiff. 3 Sutherland on Damages, 293.

APPEAL from Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Reversed and remanded.*

Statement of case by the court.

This was an action against the defendant as a common carrier of passengers. The petition alleged that the defendant as such carrier received the plaintiff as a passenger, together with one valise as baggage, to be safely carried to Liberty, Missouri, and that the baggage was to be there delivered to the plaintiff. The petition al-

.leged a failure on the part of the defendant to deliver the baggage, and further alleged "that by reason of the loss of the goods aforesaid plaintiff's time was taken up and engaged at the request of defendant's agent in a fruitless attempt to find the said goods." The baggage was alleged to have been of the value of $46.90. The petition also alleged "that by reason of the loss of goods aforesaid and his inability to find or get any trace of their whereabouts he was deterred from prosecuting his work; was detained both at Liberty, Missouri, and Kansas City, with great outlay of time, expense, and attorney's fees, occasioned by loss of the goods aforesaid, and that by reason of the premises aforesaid the plaintiff was injured to his damages $96.90, for which amount no part has been paid. Wherefore plaintiff prays judgment for said sum of $96.90, with costs."

The plaintiff himself testified. The plaintiff and a fellow passenger, who testified for plaintiff, were the only witnesses. The defendant introduced no evidence.

From the plaintiff's own testimony it appeared that he purchased a passenger's ticket from defendant, good for a passage from Kansas City to Liberty. The plaintiff was "a street auctioneer," and was going to Liberty to sell goods. The plaintiff checked as his baggage two trunks and the valise in controversy. The plaintiff was not asked by the baggagemen as to the contents of the valise, neither did he make any statement as to such contents. The baggageman charged the plaintiff thirty-five cents on account of excessive baggage, which sum the plaintiff paid.

As to the contents of the valise the plaintiff made the following statement:

"I lost in my valise the following articles: Two shirts, worth $4.50; pair of drawers, 75c; two pair of socks, 75c; undershirts, $1.25; collars, 60c; cuffs, 70c; razor strop, $1.00; shaving brush, 50c; valise, $5.00; shoe latches, $4.00; lead pencils, $6.00; silk handker-

chiefs, $8.00; sleeve buttons, $3.00; rings, $3.75; lockets, $4.00. The contents were worth at least $46.90."

In relation thereto the plaintiff also testified as follows on cross-examination:

Q. "What goods had you for sale?"

A. "I had a line of notions."

Q. "How did you get them there?"

A. "Most of them came by express, and the remainder was in one of my trunks."

Q. "Was your trunk lost?"

A. "No sir, trunk wasn't lost."

Q. "Any goods in valise?"

A. "There were goods in the valise."

Q. "Were the lockets and the goods that were in the valise for sale?"

A. "They were."

Concerning his loss of time, the cause thereof, and the damages sustained by him in consequence thereof, the plaintiff testified as follows:

" When I arrived in Liberty I went to the baggage car to get my valise. The two trunks were there, but the valise was missing. I asked Mr. Whiting, the agent, if he could get my valise on the morning train, because I wanted some clean clothes. I returned to the depot in the morning and Mr. Whiting said that he had asked the baggage master in Kansas City if my valise was there. Whiting said they had the number of the check on record, but had no railroad receipt, and that they expected that it had went out on some other road, but could not tell which road; but would try and trace it as soon as possible. Mr. Whiting told me to remain in town and that he might get it in the meantime. I remained here four days waiting for my valise. I then gave my check to American Express Company. The agent's name was Charles Whiting. I told him as soon as my valise arrived to send it to me by express to Carrollton, Missouri. I remained in Carrollton about ten days. Did not hear anything of my valise. I was damaged fifteen

dollars by my expenses for hotel bills for four days in Liberty. I was also damaged about ten dollars while in Carrollton ten days. I was damaged by loss of time at least twenty-five dollars before I quit hunting for my valise."

For the plaintiff the court gave the following instructions:

"1. The court instructs the jury that a common carrier of passengers, by receiving the baggage of a traveller who has engaged passage, becomes immediately responsible for its safe delivery at the place of destination, and nothing but the act of God, such as lightnings, earthquakes or tempests, being such acts as the prudence or foresight of man could not see or prevent, or the acts of the public enemy will excuse such delivery."

"2. The court instructs the jury that the term baggage includes a reasonable amount of money in a trunk intend for traveling expenses and such articles of necessity and convenience as are usually carried by passengers for their personal use, instruction, amusement or protection."

"3. The court instructs the jury that if they find for the plaintiff in this case, in assessing his damages they may include the value of all such articles of necessity and convenience as are usually carried by passengers for their personal use and comfort, instruction and amusement, or protection, having regard to the object and length of the journey in question, and which are shown by the evidence to have been lost by the defendant, if any such loss has been shown, and may assess as damages expenses incurred by plaintiff in seeking to find the baggage, if such expenses were incurred at the request of defendant's agent."

There was a verdict and judgment in favor of plaintiff for $96.90.

STRONG & MOSMAN, for the appellant.

I.  The case was tried on a wrong theory, both of

law and of fact. The valise and contents were not baggage. Defendant's baggageman did not have notice or knowledge, nor reason to suspect that the valise contained merchandise at the time he gave check for it, and did not contract to carry it as baggage. Hutchinson Carriers, sect. 679; *Railroad v. Marcus*, 38 Ill. 219; Thomp. on Carr. Pass., 510; *Railroad v. Carrow*, 73 Ill. 348; *Blumantle v. Railroad*, 127 Mass. 322; *Haines v. Railroad*, 29 Minn. 160.

II. The court erred in instructions given at request of plaintiff. Cases cited, *supra*. *Dunlap v. Steamboat Co.*, 98 Mass. 83. Hotel bills incurred in searching for lost baggage are not proper to be allowed as damages. *Morrison v. Railroad*, 2 Pugsley (N. B.) 295; *Railroad v. Kennedy*, 41 Miss. 671.

III. The court erred in refusing instructions prayed by defendant. By reason of the fraud of plaintiff defendant was released from the higher obligaton of common carriers. *Railroad v. Marcus*, 38 Ill. 219.

IV. The court erred in overruling motion for new trial. The verdict and judgment are wholly unsupported by the evidence, and are against the evidence and admissions of the plaintiff. *Callahan v. Warne*, 40 Mo. 137.

ROBERT T. HOLT, for the respondent.

I. The valise and contents were baggage. What is baggage is a question for the jury. *Railroad v. Swift*, 12 Wall. (U. S.) 262; Lawson Carriers, sects. 50 and 187; *Brook v. Pickwick*, 4 Bing. 218; *McGill v. Holland*, 3 Barr (Pa. St.) 451.

II. Instructions asked by plaintiff, numbered one, two and three, were properly given. (1) As to instruction numbered one, carrier's liability for loss fixed by law. Sect. 804, Rev. Stat. Mo.; *Coggs v. Bernard*, 2 Lord Raymond, 918; *Powell v. Myers*, 26 Wendell (N. Y.) 591. (2) As to instruction number two, as to what is baggage. Cases cited *supra; Dexter v. Railroad*, 42

N. Y. 326; *Hutchings v. Railroad,* 25 Georgia, 63.
(3) As to instruction number three, on measure of damage for loss. *McDonald v. North,* 47 Barb. (N. Y.) 530; *Railroad v. Moore,* 40 Miss. 39; *Priestly v. Railroad,* 26 Ill. 205; *Burt v. Bank,* 1 Disney (Ohio) 32.

III. The proposition that "fraud avoids all contracts," is not applicable in this case. Failure of defendant to deliver baggage, when inquired for by passenger, a presumption of *negligence* at once arises, and upon that *question* the case stands—not *contract.* Vanhorn v. Kesmet, 4 E. D. Smith (N. Y.) 453; *Garvey v. Railroad,* 1 Hilton, 283; *Mars v. Railroad,* 7 Eng. D. & E. 519.

IV. The court properly refused instructions prayed by defendant. *McGill v. Rawlan,* 3 Pa. St. 451; *Jones v. Voorhees,* 10 Ohio, 145; *Bank v. Brown,* 9 Wend. (N. Y.) 85; *Gibbon v. Paynter,* 4 Burr (Eng.) 2298.

V. The receipt of extra pay by defendant makes it liable for safe delivery, whether goods or baggage. Coke on Littleton, 89*a; Coggs v. Bernard, supra.*

VI. The court properly overruled motion for new trial. The verdict and judgment properly awarded to plaintiff. *Brooke v. Pickwick,* 4 Bing. 218.

## I.

HALL, J.—At the beginning it may be well for us to say that the judgment rendered in this case can be upheld only on the ground of the defendant's liability as a common carrier of passengers for the loss of the valise and its contents as baggage. This is true, not only because the petition based the defendant's liability upon such ground, but also because the evidence failed to establish any liability against the defendant upon any other ground. It is true that the plaintiff did testify to the payment by him of a charge made by the baggageman of thirty-five cents for the transportation of the two trunks and valise, but that charge was for extra baggage

and not for merchandise. The payment of such charge entitled the plaintiff to have the articles with him carried as baggage without regard to the amount of them, but such payment did not give to the plaintiff the right to have articles, not properly baggage, carried as baggage in any amount. The payment of the charge was made wholly on account of the excess in the amount of the articles and not at all on account of the character of the articles.

So far as the rights and liabilities of the parties depended upon the character of the articles they were not affected by the payment of the charge. Thompson's Carriers of Passengers, 522.

In the case it appeared, too, that the defendant did not know the contents of the valise. So we repeat that, under the petition as well as the facts in evidence, the judgment in this case rests upon the defendant's duty to carry the valise and its contents as baggage.

## II.

The word "baggage" has a well defined, technical, legal meaning and we presume, therefore, that the word was used by the legislature in section 804, Revised Statutes, in accordance with such meaning. *State ex rel. v. Leffingwell*, 54 Mo. 471. The meaning of the word is in no wise altered or changed by the statute. The question as to what constitutes baggage is a mixed question of law and fact, but if the facts are all admitted the question is one purely of law. Hutchinson on Carriers, sect. 688.

It has been said that, "It is, of course, impossible to give any general rule which will be equally applicable to all cases for the determination of what is and what is not properly baggage. This depends to a very great extent upon the circumstances of each individual case, upon the length of the journey, the purpose for which it is made, the position in life and occupation of the

traveller, the mode of conveyance and the character of the country through which he intends to pass. The adjudicated cases on this subject justify the statement that any thing may be carried as personal baggage which travellers usually carry for their personal use, comfort, instruction or amusement, having regard to the circumstances enumerated above." Thompson's Carriers of Passengers, 510.

But the books are all agreed that articles carried for sale are not baggage without regard to what the articles may be. Hutchinson on Carriers, sect. 685 ; Thompson's Carriers of Passengers, 511, 512. Articles which, under other circumstances, would be baggage, when carried for sale are not baggage.

The plaintiff testified that certain articles contained in the valise were carried by him for sale. Those articles were not baggage.

It would have been better for the trial court, instead of the second instruction given for the plaintiff, which was a mere abstraction, to have instructed the jury as to what constitutes baggage, in relation to the facts in evidence.

As an abstract statement the instruction was, no doubt, correct. But nowhere were the jury told that articles carried for sale are not baggage. And from that instruction and the third instruction given for the plaintiff the jury must have inferred that if the articles carried in the valise were "such articles of necessity and convenience as are usually carried by the passengers for their personal use and comfort, instruction and amusement, or protection, having regard to the object and length of the journey," they are baggage although carried for sale.

It would seem that the jury made such inference because they found that all the articles contained in the valise were baggage in the face of a sworn statement made by the plaintiff that certain of the articles were carried for sale.

But if the jury did not make such inference their verdict, in so far as concerns the articles carried by the plaintiff for sale, was absolutely without proof to support it and was against a sworn admission made by plaintiff. For this reason the court should have granted a new trial. As to the other articles the evidence warranted the verdict, but as to the articles carried for sale the verdict was against the plaintiff's admission made as a witness, which was as binding upon him as if it had been made in the pleadings. As a matter of law the articles carried for sale were not baggage.

### III.

We are asked to hold, because the valise contained articles which were not baggage without the defendant's knowledge, that the plaintiff cannot recover for the valise and the articles contained in it which were properly baggage,

We do not so hold. As to the articles not properly baggage the plaintiff under the petition and facts cannot recover; but as to the valise and the articles contained in it which were properly baggage the plaintiff can recover. 3 Sutherland on Damages, 293; *Railroad v. Fraloff*, 100 U. S. 31.

### IV.

The value of the property lost, which was baggage, with interest was the correct measure of damages; if the property had a market value, then the market value, otherwise, the value of it for use to the plaintiff. Sutherland on Damages, *supra.*

The expenses incurred by the plaintiff were too remote. Besides there was no evidence that the plaintiff sought the baggage, or that he made such search at the request of defendant's agent.

Judgment reversed and cause remanded. Ellison, J., concurs; Philips, P. J., absent.