RAILWAY COMPANY *v.* BERRY.

Opinion delivered April 20, 1895.

1. *Carrier—Liability for money as baggage.*

> A carrier is liable as insurer for money which a passenger in good faith includes in his baggage to pay traveling expenses and for personal use on his journey, provided no more is taken than is necessary or usual for passengers of like station, habits and condition in life while on similar journeys. For any amount in excess of this, the carrier is not liable as an insurer, unless he receives it with notice that the quantity is greater than is usually carried by passengers under similar circumstances.

2. *Baggage-master—Scope of employment.*

> A baggage-master is not acting without the scope of his employment when he receives more money for transportation as baggage than, by the rules of the company, he is authorized to receive.

3. *When money is baggage.*

> Where a passenger, who is ignorant of the rules of a railway company forbidding its agents to receive money for transportation as baggage, delivers to the baggage agent more money

28

than the carrier is required to transport, and informs the agent of the amount, the carrier's common law liability will attach, if the agent undertakes to ship it as baggage, and a loss occurs.

Appeal from Monroe Circuit Court.

JAMES S. THOMAS, Judge.

Pleas. and Kate Berry sued the St. Louis Southwestern Railway Company to recover the value of a trunk delivered to defendant's agent at Altheimer, a station on its line, to be transported as baggage to Clarendon, another station on its line. The trunk was alleged to contain wearing apparel of the value of $113 and $413 in money, and to have been lost in transit. The answer admitted the loss of the trunk, but denied the value of its contents. The verdict and judgment were for plaintiff, and defendant appealed. Other facts necessary to its understanding are stated in the opinion.

*Sam H. West* and *J. C. Hawthorne* for appellant.

The term "*baggage*" does not include *money, not even a small sum to defray expenses.* 22 Ill. 278; 6 Hill (N. Y.), 586. Other courts hold that a small sum to defray expenses may be carried as baggage. 5 Cush. 69; 98 Mass. 37; 30 N. Y. 594. The knowledge of the agent does not bind the company. 38 Ark. 358; 10 Heisk. (Tenn.) 32; 21 N. Y. 318; 9 Humph. 620; 65 N. Y. 374; 19 Wend. 535; 25 *id.* 459; 98 Mass. 83; 9 La. 80.

*M. J. Manning* and *David A. Gates* for appellee.

When a carrier with notice accepts money as baggage, or articles not baggage, and agrees to carry them, he is liable for the loss. 16 A. & E. R. Cas. 116–118; 29 Minn. 160; 43 Am. Rep. 199; 20 Or. 392; 23 Am. Rep. 126; 41 Mo. 503; 97 Am. Dec. 288; 53 Am. Rep. 271; 12 Wall. 262; 73 Ill. 348; 52 N. Y. 429; 148 U. S. 587; Story, Bailments, sec. 499; Beach on Railroads, vol. 2, secs. 901–2; Angell on Car. secs. 115, 116, Schouler, Bailments & Car. secs. 673–4; Story on Agency, sec. 443.

WOOD, J.   The appellant asked the following in-
structions :   (1) "The jury are instructed that a rail-
way company is not liable for the loss of money shipped
as baggage, in excess of an amount necessary to be used
while on a journey.   (2) If the jury find from the evi-
dence that the defendant is not engaged in transmitting
money, it would not be liable for the loss of money when
shipped as baggage, even if its agents were informed
that money was contained in the trunk shipped as bag-
gage."   The court refused these, and, in effect, charged
the jury that if a passenger, who had no notice of the
company's instructions to its agents forbidding the tak-
ing of money for transportation as baggage, delivered
to the agent of the railway company a trunk containing
money, to be transported as baggage, and informed the
agent who checked the trunk that it contained money,
and the agent, after being so informed, received the
same, then, in case of loss, the carrier would be liable.
The requests granted and refused present the only ques-
tion for our determination.

The carrier is liable as insurer for money which the
passenger *bona fide* includes in his baggage to pay
traveling expenses, and for personal use on his journey,
provided no more is taken than is necessary or usual for
passengers of like station, habits, and condition in life,
while on similar journeys.   Hutch. on Car. secs. 682–85–
88 ; Schouler, Bailments, secs. 669–70–71 ; Story, Bail.
sec. 449 ; 3 Wood, Railroads, sec. 401 ; *Jordan* v.
*Railroad*, 5 Cush. 69 ; Rorer, Railroads, 988 ; Angell,
Car. sec. 115 ; 2 Beach, Railways, sec. 901 ; 2 Redf.
Railways, 59.   For any amount in excess of this (which
is a question for the jury), the carrier is not liable as
such, unless he receives it with notice that the quantity
is greater than is usually carried by passengers under
the same or similar circumstances.   And the passenger
must observe the utmost candor and good faith in pre-

1.  Liability
of carrier for
money in bag-
gage.

senting his baggage for transportation; for the carrier
is only required to transport according to appearances.
If the passenger presents his baggage in a closed recep-
tacle, such as is ordinarily carried as baggage, in order
to lay upon the carrier the extraordinary responsibility
of insurer, the passenger must inform him if it contains.
any articles which the carrier is not bound to transport
as baggage. This for the reason that the carrier, when
thus notified, may refuse to carry altogether, or accept
and charge a sum in addition to the passenger fare for
the onerous liability he thus assumes. Schouler, Bail.
sec. 669 *et seq.*; Hutch. Car. sec. 685; Edwards, Bail.
sec. 529; 3 Wood, Railroads, sec. 401, 406, 408; *Rail-
road Co.* v. *Fraloff*, 100 U. S. 24; 2 Beach on Railways,
902; *Davis* v. *Railroad*, 22 Ill. 278; *Ill. Cent. R. Co.*
v. *Copeland*, 24 Ill. 332; S. C. 76 Am. Dec. 749; 1 Rap.
& Mack's Dig. of Railroad Law, "Baggage," 538, and
authorities there cited.

2. Scope of baggage master's employment.    The baggage-master is not out of the scope of his.
employment when he receives more money for transpor-
tation as baggage than, by the rules of the company or
instructions from his employer, he is authorized to re-
ceive, for the carrier does carry some money as bag-
gage. And the agent whose business it is to receive
and check for baggage has the implied authority, by vir-
tue of the nature of his employment, and the duties inci-
dent to it, to bind his employer, the carrier. Hutch. Car.
sec. 688; 3 Wood, Railroads, sec. 408; *Minter* v. *Rail-
road*, 41 Mo. 503; *Strouss* v. *Wabash etc. Ry. Co.* 17
Fed. 209. As was said by a distinguished judge of New
York: "The contract to carry the baggage of passen-
gers, as incident to the contract to carry the person, does
not become defined as to particular baggage, its amount
or other incidents, until the baggage is delivered to the
baggage-master." *Isaacson* v. *Railroad*, 94 N. Y. 278.

We conclude that where a passenger, who is igno- 3. When
money consti-
rant of the rules or instructions of railway companies tutes part of
baggage.
forbidding their agents to receive money for transporta-
tion as baggage, delivers to the baggage agent more
money than the carrier is required to transport, and in-
forms the agent of the amount, if he accepts it to ship
as baggage, and a loss occurs, the carrier's common law
liability will attach.    We are aware that a different rule
prevails in some of the States, notably Massachusetts.
*Blumantle* v. *Railroad*, 127 Mass. 322; *Alling* v. *Rail-
road Company*, 126 Mass. 121; *Jordan* v. *Railroad*, 5
Cush. 69; *Collins* v. *Boston etc, R. Co.* 10 Cush. 506.
See, also, *Bomar* v. *Maxwell*, 9 Humph. 620.    But the
weight of authority is with the rule as we have an-
nounced it.    *Camden etc. R. Co.* v. *Baldauf*, 16 Pa. St.
67; Hutch. on Car. sec 685; *Jacobs* v. *Tutt*, 33 Fed. 412;
*Railroad Co.* v. *Fraloff*, 100 U. S. 24; *Humphreys* v.
*Perry*, 148 U. S. 627; *Great N. R. Co.* v. *Shepherd*, 8
Exch. 30; *Minter* v. *Pacific Railroad*, 41 Mo. 503; and
other cases cited in brief of counsel for appellee.    See
Rap. & Mack, Dig. of Railroad Law, pp. 536–539, and
cases cited.

While most of these cases have reference to mer-
chandise in some form, yet the rationale of the doctrine
as to it, when carried as baggage, is equally applicable
to money, where it is carried as baggage.    As to what
would be the rule if the money was accepted and carried
as freight, is nowhere presented.    The proof on the part
of the plaintiff showed that the agent who checked the
trunk was informed of the amount of money it contained
before he checked it for transportation.    The instruc-
tions, therefore, being in harmony with the law, and the
verdict of the jury having evidence to support it, the
judgment of the Monroe circuit court is affirmed.