ELI J. SHERLOCK, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 11. 1900,**

**Passenger Carriers: MERCHANDISE AS BAGGAGE: AGENT'S KNOWLEDGE.** Without special contract a carrier is only liable for such baggage as a traveler usually carries for personal convenience, but where the carrier's agent chooses to treat other articles as personal baggage and carries them accordingly the carrier will be liable if loss occurs, provided the passenger is ignorant of the agent's want of authority to so accept merchandise as baggage.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*W. F. Evans* and *McDougal & Sebree* for appellant.

The evidence being undisputed that the books were being carried for sale, and that the defendant's agent had no authority to check them, and that the plaintiff knew that the books were not baggage, and that he had no right to have them checked, there was no case made by the evidence, and the court ought not to have given plaintiff's instructions, but should have given the instruction asked by the defendant to the effect that the verdict must be for the defendant. Spooner v. Railroad, 23 Mo. App. 403; Gann v. Railway, 72 Mo. App. 35; Whitmore v. Steamboat, 20 Mo. 513; Walker v. Railroad, 121 Mo. 575; Blumantle v. Railroad, 127 Mass. 322.

*J. H. Bremermann* for respondent.

When the carrier, with full knowledge of the character of the articles offered, accepts them as baggage and undertakes to carry them, it becomes liable, without regard to whether they are properly within the term "baggage" or not. 3 Am. and Eng. Ency. of Law (2 Ed.), p. 540; Trust Co. v. Railroad, 39 Fed. Rep. 417; Railroad v. Swift, 12 Wall. (U. S.) 262; Waldron v. Railroad, 1 Dak. 341; Railroad v. Conklin, 32 Kan. 55; Ross v. Missouri, etc., Railroad, 4 Mo. App. 583; Perley v. Railroad, 65 N. Y. 375; Railroad v. Ambach, 10 Ohio Cir. Ct. Rep. 490; Oaks v. Railroad, 20 Ore. 393; Railway v. Millinery Co., 29 S. W. Rep. 196.

SMITH, P. J.—The plaintiff purchased a ticket over defendant's railway from Kansas City to Chicago and at the same time, tendered to the defendant's agent as his baggage a pine box containing 165 copies of a book of which he was author and publisher and which he desired to take along with him for sale and delivery at some place in the state of Indiana, which was his ultimate destination. The defendant's baggage agent at its Kansas City station was informed of the contents of the box, which he received and weighed; and finding the weight thereof in excess of the 150 pounds baggage which a passenger was entitled to have carried free, charged him one dollar and thirty cents for the excess and then gave him a check.

The evidence was conflicting in respect to whether the plaintiff was aware that the defendant's baggage agent at the station had no authority to check the said box of books, but the jury, under an instruction submitting that issue, found that the plaintiff was not aware; and we may therefore assume as a fact that the plaintiff was unaware of the want of authority of defendant's agent to receive and check said box.

When the said box reached Chicago it was found broken open, the books scattered over the floor of the car and in a very much damaged condition; and in consequence of which plaintiff was compelled to suffer a reduction of one dollar on the price of each. The plaintiff had a judgment in the court below and defendant appealed.

The defendant complains that the court erred in refusing its instruction in the nature of a demurrer to the evidence. Spooner v. Railway, 23 Mo. App. 403, was where the plaintiff, a passenger, received a check for a valise to be carried to the place of destination named in the ticket which plaintiff had purchased over the defendant's railway. The valise was lost by the defendant. It contained certain wearing apparel of the plaintiff and also certain articles of merchandise. The defendant's agent receiving and checking the valise was not aware of the fact that the valise contained merchandise. It is thus seen that that case is unlike this in its essential facts and therefore it can not be relied on as a precedent to support the defendant's contention.

In Minter v. Railway, 41 Mo. 503, the plaintiff, a passenger, delivered for transit to the defendant's baggage agent a trunk and a piece of carpeting, for which the latter gave him a check. The carpet was not delivered. The plaintiff sued the defendant for its value. The case went to the supreme court where, in the course of the opinion disposing of the case, it was said: "Where there is no such contract, a common carrier is only bound to carry the passenger, with such baggage as the traveler usually carries, comprising clothing and such articles as are generally taken along for personal convenience. But if the traveler takes with him other articles, which do not come strictly within the denomination of baggage and exposes them to view, so that no concealment is practiced, and the carrier chooses to treat them as personal baggage and carries them accordingly, and a loss

occurs, he will be responsible therefor." Railway v. Sheperd, Eng. Rail. Cas. 310. And it was further said in the same opinion that the plaintiff was not apprised that it was against the rules or regulations of the company to carry such an article on the train on which he took passage. ˙ The defendant's agent willingly received it and any order or instruction given by the company to its agent as to what articles should be received and checked could not exonerate it from liability. Disobeying of orders on the part of the servant can not be allowed to work an injury to the innocent.

In Railway v. Conklin, 32 Kan. 55, the plaintiff, who had purchased a ticket over the defendant's railway, delivered to its agent at the station where he purchased his ticket certain personal property consisting of a "canvas tent, with poles, ropes and attachments." The defendant never accounted for the property and was accordingly sued for its value. In the opinion delivered in the case by the reviewing court it was said that "the defendant's station agent knew what the property consisted of and accepted it as baggage, and we think the defendant must now account for it as baggage although it might not in strict language be baggage."

In Railway v. Berry, 60 Ark. 433, it was said: "Where a passenger who is in ignorance of the rules or instructions of railway companies forbidding their agents to receive money for transportation as baggage, delivers to the baggage agent more money than the carrier is required to transport and informs the agent of the amount, if he accepts it to ship as baggage and a loss occurs, the carrier's common-law liability will attach," citing a number of authorities, among which is Minter v. Railway, *supra*.

The general rule is, that if a servant, acting in the execution of his master's order, by his negligence causes an injury to a third party, the master will be responsible, although the servant's act was not necessary for the proper

Vol. 85 app—4

performance of his duty to his master; and the master will be responsible, although he has, in fact, in the particular instance, exceeded his instructions and acted without authority. An agent may bind his principal in all cases where he is acting in the scope of his usual employment, although in the particular instance, he has exceeded or violated his instructions and acted without authority. A carrier, however, in such cases will not be bound if the agent though acting within the scope of his apparent authority in fact had no such authority and the other party knew it. Gann v. Railway, 72 Mo. App. 35, and cases there cited.

Applying the principles of the rules to which we have just referred to the facts of this case, as we have already stated them to be, it is clear that the plaintiff was entitled to recover.

We discover nothing in the action of the court in the giving or refusing of instructions affording any ground for interference by us with the judgment, which must therefore be affirmed. *Ellison, J.*, concurs. *Gill, J.*, not sitting.