# CHARLES ROSSIER, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, December 4, 1905, and January 8, 1906.

1. **PASSENGER CARRIERS: Baggage: Warehouseman: Negligence: Evidence.** Where a passenger fails to call for his baggage within a reasonable time after reaching his destination, the carrier should place it in his warehouse, and his duty towards the passenger then becomes that of a warehouseman; that is, to use ordinary prudence in caring for the baggage; and the evidence in the record authorizes the submission of such care to the jury.

2. ——: ——: **Instruction.** An instruction relating to personal baggage and sample cases with their contents is held confusing since articles carried by a passenger for sale are not baggage.

3. ——: ——: **Merchandise: Scienter.** The carrier becomes responsible for merchandise permitted to be carried with knowledge thereof as baggage; but the fact that a trunk may resemble a sample trunk is not conclusive as to the carrier's knowledge.

4. ——: ——: **Husband and Wife: Assignment.** A wife may assign directly to her husband her right of action against the carrier for loss of baggage.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED SI.

*Geo. S. Grover* for appellant.

(1) The learned judge below tried the case at bar upon the theory that defendant was liable as a warehouseman. This was an error. Upon the undisputed facts here shown, the defendant was a depositary or gratuitous bailee, a lower degree of bailment, and one of far less responsibility. Cohen v. Railway, 59 Mo. App. 68; Plow Co. v. Railway, 61 Mo. App. 375; Story on Bailments (9 Ed.), sec. 4, p. 10; Schouler on Bailments, p. 12; Edwards on Bailments, (3 Ed.), p. 13; Hutchinson on Carriers (2 Ed.), sec. 2, p. 4. (2) As a gratuitous bailee, upon this testimony, the defendant was not liable in this action at all. Story on Bailments (9 Ed.), sec. 63, p. 60; Schouler on Bailments, p. 44; Edwards on Bailments, sec. 6, p. 9. (3) The defendant is not responsible here for the loss of either the merchandise or household goods of the plaintiff. Such articles are not baggage. 2 Fetter on Carriers of Passengers, ch. 40, sec. 590, p. 1444; Mauritz v. Railroad, 23 Fed. Rep. 765; Connelly v. Warren, 106 Mass. 146; Railroad v. Hardway, 17 Ills. App. 321; 2 Fetter on Carriers of Passengers, ch. 40, sec. 602, pp. 1459, 1460; Humphreys v. Perry, 148 U. S. 627; Stimson v. Railroad, 98 Mass. 83; Alling v. Railroad, 126 Mass. 121; Railway v. Clark, 52 Kansas 398; Railway v. Miller, 35 Ohio St. 541. (4) Nor was the defendant responsible in this action for the loss of any property belonging to the wife of plaintiff. R. S. 1899, sec. 240.

*Fred Lamb* for respondent.

(1) Upon appellant's theory of the case, the issues were submitted to the jury, and their finding is final. Having adopted this theory, appellant cannot now com-

plain. Jennings v. ·Railway, 99 Mo. 399; Tethrow v. Railway, 98 M'o. 85; Soldanels v. Railway, 23 Mo. App. 522; Musser v. Adler, 86 Mo. 449. The instructions asked by appellant correctly define the duty of a bailee for hire, and not the duty of a gratuitous bailee. (2) Appellant was no more a gratuitous bailee of the goods than it was a gratuitous carrier of them. Norway Plains Co. v. Railway, 61 Am. Dec. 423; Seasongood v. Railway, 14 Ky. L. 430. (3) The statutes of Missouri, require railroad companies to carry passengers, with a given amount of baggage, at a given rate. The same statutes require them to keep and maintain warerooms and depots at all stopping places. In the case at bar the appellant was a "bailee for hire." Gashweiler v. Railway, 83 Mo. 119; Norway Plains Co. v. Railroad, 1 Gray 265; Rothchild v. Railway, 69 Ill. 164; M. D. T. Co. v. Hallock, 64 Ill. 284; McCartny v. Railway, 30 Pa. St. 247; Shenk v. Propeller Co., 60 Pa. St. 109; Mohr & Smith v. Railway, 40 Ia. 580; Railway v. Kidd, 35 Ala. 209; Jackson v. Railway, 28 Cal. 268; Holtzclaw v. Duff, 27 M'o. 395; Cramer v. Ex. P. Co., 56 Mo. 528; Buddy v. Railway, 20 Mo. App. 210; Kelly v. Railway, 17 L. R. A. 691. (4) No attempt is made to recover for those articles contained in the trunk and not properly defined as baggage. The court limited the testimony to those articles which were baggage. Root v. Sleeping Car Co., 28 Mo. App. 206; Hampton v. Palace Car Co., 42 Mo. App. 143; Sherlock v. Railway, 85 Mo. App. 46; State ex rel. Railway, 71 Mo. App. 390; Nash v. Railway, 41 L. R. A. 334-5; Mathews v. Railway, 60 L. R. A. 846; Higdon v. Railway, 14 L. R. A. 515; McGahey v. Railway, 36 L. R. A. 785.

ELLISON, J.—Plaintiff and his wife were passengers on defendant's railway from Glasgow to Salisbury, Missouri, and had with them certain articles of wearing apparel and jewelry, contained in a trunk, and

certain samples of stationery, which he was engaged in selling and which were contained in valises or sample cases.  These were checked as baggage from Glasgow to Salisbury.  On arriving at the latter town, plaintiff and his wife proceeded to a hotel and the defendant placed the trunk and sample cases in their depot ware-room.  Within an hour or two after their arrival, the depot was burned together with plaintiff's and his wife's baggage.  There was evidence tending to prove that the depot was old and that the wareroom therein was used for storing baggage as well as oils and other explosive and highly combustible material, and that there were rags and other material saturated with oil scattered over the floor.  It appears that plaintiff discovered the fire from his hotel nearby and got to the depot in time to have saved the baggage but for the fact that oil or kerosene exploded just as he entered and so spread the fire as to prevent his securing anything save one valise. Plaintiff's wife assigned to him her claim for the loss of her baggage and he brought action for the whole loss.

When plaintiff failed to call for his baggage within a reasonable time on arriving at Salisbury, it became defendant's duty to place it in its warehouse and its duty towards plaintiff became that of a warehouseman.  That is to say, it should have used the care and prudence in safely storing the trunks that would have been used by a man of ordinary prudence and caution in caring for his own property in similar circumstances, and so it was declared in the instructions, which the trial court gave at plaintiff's instance.   There is no ground for defendant's insistence that defendant was a mere gratuitous bailee.   Its duty was more than that, and such greater duty was recognized by defendant itself in instructions granted at its request.  [Gashweiler v. Railway, 83 Mo. 112.]  The evidence was ample to justify the court in submitting the question of defendant's want of care and prudence to the jury.

The instruction given for plaintiff is so framed as to make it necessary to reverse the judgment and remand the cause, unless he shall choose to enter a remittitur. It directs the jury to find the value of plaintiff's "personal baggage including the sample case containing the same or a part thereof." It also directs an allowance for the value of the wife's personal baggage including the trunk. There was no evidence that the sample case contained the plaintiff's personal baggage or any part of it. On the contrary, it contained stationery which he was selling. Besides, the instruction proceeds to inform the jury of the meaning of "personal baggage," by declaring that it "meant wearing apparel, a reasonable amount of jewelry, umbrellas, and such other artices as were carried and necessary to plaintiff and his wife for their comfort and convenience," etc. By such latter claim, the plaintiff limited himself to personal baggage and excluded the stationery. The practical effect of the instruction was confusion. It directed that the value of nothing but the personal baggage should be allowed and yet permitted sample case and contents, which the plaintiff was selling to customers, to be included in such valuation. Articles carried by a passenger for sale are not baggage. It was so directly ruled by this court in an opinion by Judge HALL in Spooner v. Railway, 23 Mo. App. 403.

It is, however, true that, if the carrier receives merchandise as personal baggage, knowing its true character, he will be liable as for baggage. [Rider v. Railway, 14 Mo. App. 529; Minter v. Railway, 41 Mo. 503; Sherlock v. Railway, 85 Mo. App. 46.] In this case, there was no evidence that the railway company knew that the valises or sample cases contained merchandise, which plaintiff was taking from place to place for sale. The mere fact that they were called sample cases is not conclusive that defendant knew they contained merchandise. In the Rider case, just cited, it was said that a trunk being of the

size and shape of sample trunks carried by traveling salesmen would not be conclusive that the carrier knew that it did not contain ordinary baggage. And, so the same rule is stated in 2 Fetter's Carriers of Passengers, sections 603, 604.

Under the enlarged rights of married women, as now recognized by our statutes and judicial decisions, it was competent for the wife to assign directly to her husband her right of action for the loss of her personal baggage. [Rice, Stix & Co. v. Sally, 176 Mo. 107; Grimes v. Reynolds, 184 Mo. 679.]

If the plaintiff within fifteen days will remit the valuation of $50, put upon the sample case or valise and its contents, the judgment will be affirmed for the balance. If not, it will be reversed and cause remanded.

All concur.

