B. F. BUSH, RECEIVER OF ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY CO. v. BEAUCHAMP.

Opinion delivered February 25, 1918.

1.  CARRIERS—CONTRACT TO CARRY BAGGAGE.—A contract to carry baggage is an incident to the contract to carry the passenger.

2.  CARRIERS—BAGGAGE.—Baggage is whatever a passenger takes with him for his own personal use and convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or the ultimate necessities of his journey.

3.  CARRIERS—BAGGAGE—LIMITATION BY CARRIER.—A carrier can not, by rules and regulations, limit the recognized meaning of the term "baggage," so as to exclude articles which are usually included in the generally accepted meaning of the term.

4.  CARRIERS—BAGGAGE—DIAMOND RING.—A diamond ring of the value of $300, belonging to a female passenger, held to be baggage.

5.  CARRIERS—CONNECTING RAILWAY LINES—LOSS OF BAGGAGE.—As the carriage of baggage is considered as an incident to the contract for the carriage of its owner, a through contract for the transportation of the passenger over several connecting lines

is a through contract for the carriage of his baggage and the initial company, in the absence of any valid limitation, may be held liable for the loss or destruction of the baggage on any of the lines.

6.  CARRIERS—LOSS OF BAGGAGE—CONNECTING CARRIERS.—A carrier receiving baggage for transportation to a point in another state, beyond its own line, is liable for its loss occurring upon the lines of a connecting carrier.

7.  CARRIERS—LOSS OF BAGGAGE—CONNECTING CARRIERS—RETURN TRIP— LIMITED LIABILITY.—Appellee purchased a round trip ticket to New Orleans from appellant at Little Rock. She delivered her trunk to appellant at Little Rock as baggage, and the same was carried to New Orleans, via the Illinois Central Railway. Returning, appellee delivered the trunk to the Illinois Central Railway at New Orleans, and that company delivered it to the Rock Island Railway at Memphis, which company carried it to Little Rock. On both journeys appellee had placed a diamond ring valued at $300 in the trunk. She wore the ring in New Orleans, but when the trunk was delivered to her at Little Rock the ring had been stolen. *Held,* appellee could recover from appellant for the loss, but that under the schedule filed with the Interstate Commerce Commission, liability would be limited to $100.

Appeal from Pulaski Circuit Court, Second Division; *G. W. Hendricks,* Judge; affirmed.

*E. B. Kinsworthy* and *W. G. Riddick,* for appellant.

1.  Plaintiff was not entitled to recover for loss of jewelry checked as baggage.   111 Ark. 430; 233 U. S. 97.

2.  Defendant is not liable for damage not occurring on its own line.   106 Am. St. Rep. 597, 610.

3.  Appellee can not recover under the interstate law.   Carmack Amendment to Interstate Com. Act, § 20; 233 U. S. 97.   The case in 101 Pac. 361 does not apply.

*June P. Wooten,* for appellee.

1.  The personal adornments of a woman are part of her wearing apparel and baggage.   123 Fed. 371, 59 C. C. A. 499; 96 *Id.* 832; 158 *Id.* 153; 33 Ind. 379; 3 Pa. 451; 113 S. W. 1019; 88 Ark. 189, 21 L. R. A. (N. S.) 850; 119 S. W. 835; 90 Ark. 462, 21 Ann. Cas. 726; 107 S. W. 147, 48 Civ. App. Tex. 414; 95 N. E. 208, 35 L. R. A. (N. S.) 537; Ann. Cas. 1912, D-1150; 79 U. S. 262; 60 S. W. 343; 103 Ark. 37, and others.   See also 3 Wall. 107; 100 U. S. 24.

2. Appellant is liable for loss beyond its own line. 52 Wash. 685, 101 Pac. 361; 25 L. R. A. (N. S.) 537; 5 R. C. L. 809; 74 Ark. 125.

### STATEMENT OF FACTS.

Appellee sued appellant to recover damages for the loss of part of her baggage while in appellant's possession for transportation. On February 13, 1917, appellee purchased from appellant a first-class railroad ticket entitling her and her baggage to transportation over appellant's line of railroad and that of the Illinois Central Railroad Company from Little Rock, Arkansas, to New Orleans, Louisiana, via Memphis, Tennessee, and the transportation of herself and baggage on the return trip over the same route. Appellee delivered her trunk containing wearing apparel and a diamond ring, intended for her personal use while in New Orleans. The trunk was transported to New Orleans, and delivered to her there. She wore the diamond ring on various occasions while there and on the 23d day of February, 1917 delivered her trunk containing her wearing apparel and the diamond ring to the Illinois Central Railroad Company at New Orleans to be transported to Little Rock. Appellee arrived at Little Rock on the afternoon of February 24, 1917. She gave the check for her baggage to an expressman and when her trunk was delivered to her she discovered that the lock to it had been torn loose and its contents rifled. The diamond ring was missing and was worth $300. The trunk was in good condition when she delivered it at the station in New Orleans on the return trip.

One of the grounds of appellant's defense was that it was prohibited from carrying as baggage the diamond finger ring. To support that defense it introduced a regulation which it had filed with the Interstate Commerce Commission, as follows:

"Rule 1. (a) Personal baggage consists of wearing apparel, toilet articles and similar effects in actual use, and necessary and appropriate for the wear, use,

comfort and convenience of the passenger for the purpose of the journey, and not intended for other persons, nor for sale."

"(b) Money, jewelry, negotiable paper and like valuables, fragile or perishable articles, should not be enclosed in baggage to be checked. The carriers issuing and concurring in this tariff will not be responsible for such articles in baggage nor for damages caused by same."

The schedule filed with the Interstate Commerce Commission also contained a provision limiting the free transportation of baggage to 150 pounds and the liability of the railway company to $100.

The case was tried before the court sitting as a jury. The court found for appellee in the sum of $100 and from the judgment rendered this appeal is prosecuted.

HART, J., (after stating the facts). (1) The contract to carry the baggage is an incident to the contract to carry the passenger. *Railway Company* v. *Berry*, 60 Ark. 433, and *Kansas City, F. S. & M. R. Co.* v. *McGahey*, 63 Ark. 344. Counsel for appellant concedes this to be true, but insists that under the regulations filed by the railroad company with the Interstate Commerce Commission that it was not allowed to carry the diamond ring as baggage. They rely on the case of *Boston & Maine Rd.* v. *Hooker*, 233 U. S. 97. In that case the railroad company had filed with the Interstate Commerce Commission the schedule of its fares and charges for the transportation of passengers in interstate commerce. The schedule contained a provision limiting the free transportation of baggage to a certain weight and the liability of the railroad company to $100, followed by a table of charges for excess weight and for excess value. The court held that the limitation of liability of carriers for passenger's baggage is covered by the Interstate Commerce Act and that the Carmack amendment to the Hepburn act applies thereto as well as to liability for shipments of freight.

The court further held that a provision in a tariff schedule that the passanger must declare the value of his

baggage and pay excess charges for the excess liability over the stated value to be carried free, is a regulation within the meaning of the Interstate Commerce Commission Act, and as such is sufficient to give the shipper notice of the limitation. We do not think that case is controlling here. We have in this State a statute defining what shall be considered as baggage. Kirby's Digest, § 6615. Besides the term "baggage" has a meaning which is generally recognized.

(2) In *Chicago, Rock Island & Pac. Ry. Co.* v. *Whitten*, 90 Ark. 462, the court held that "baggage" may be defined as whatever a passenger takes with him for his own personal use and convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or the ultimate necessities of his journey. This rule has been universally sustained by various courts of the country.

(3-4) In *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Miller*, 103 Ark. 37, we held that a gold locket and chain for the personal use and convenience of the passenger on the journey was baggage. Mr. Hutchinson says that a woman's jewelry, and every article pertaining to her wardrobe that may be necessary and convenient to her in traveling, is included in the term "baggage." Hutchinson on Carriers (3 ed.), vol. 3, § 1246; *Hasbrouck* v. *Rd. Co.*, 95 N. E. 808, 202 N. Y. 363, 35 L. R. A. (N. S.) 537, Ann. Cas. 1912, D-1150. Inasmuch as the term "baggage" has a generally recognized meaning, we do not think that the carrier can by rules and regulations limit its meaning so as to exclude articles which are usually included in the generally accepted meaning of the term.

(5-7) It is next contended by counsel for appellant that it can not be held liable for the loss because it occurred on the return trip. The proof shows that the trunk on the return trip was carried over the Illinois Central Railroad Company from New Orleans to Memphis and over the Chicago, Rock Island & Pacific Railway Company from Memphis to Little Rock. The ticket issued to the appellee contained a printed provision, as follows:

"In selling this ticket for passage over other lines and in checking baggage on it, this company acts only as agent and is not responsible beyond its own lines." Appellee purchased a round-trip ticket from appellant. Inasmuch as the carriage of baggage is considered as an incident to the contract for the carriage of its owner, a through contract for the transportation of the passenger over several connecting lines is a through contract for the carriage of his baggage and the initial company, in the absence of any valid limitation, may be held liable for the loss or destruction of the baggage on any of the lines. Elliott on Railroads (2 ed.), vol. 4, 1658, and cases cited. When the trunks were committed to the custody of the appellant's baggage master the company assumed the obligation of its carriage. From the very nature of the transaction appellee could not exercise any further personal oversight of it on the route, nor make any examination at the terminus of each road to ascertain whether or not her trunk was being carried. Appellant knew that the trunk would be delivered to appellee when she arrived at New Orleans, and that she would deliver the trunk to the Illinois Central Railroad Company when she returned to Little Rock. This course must have been necessarily in the contemplation of the parties. This is not the case of the purchase of a coupon ticket where it might be assumed that the passenger would get on and off the train several times during the progress of his journey and thus put the carrier to the trouble and expense of loading and unloading his trunk several times before he reached his destination. Here the appellee purchased a through ticket from Little Rock to New Orleans and return. As above stated, it must have been in contemplation of the parties that the trunk would be delivered to appellee at New Orleans and that she would deliver it into the custody of the carriers for transportation on her return trip. This brings the case squarely within the rule of *Gomm* v. *Oregon R. & Navigation Co.*, 52 Wash. 685, 101 Pac. 361, 25 L. R. A. (N. S.) 537. Besides, we think under the act of Congress of June 29, 1906, known as the Carmack

Amendment to the Interstate Commerce Act of 1887, a carrier receiving baggage for transportation to a point in another State beyond its own line is liable for its loss occurring upon the lines of a connecting carrier. *Boston & Maine Rd.* v. *Hooker, supra.* See also *House* v. *Chicago & Northwestern Ry. Co.*, 30 S. D. 321, 138 N. W. 809, Ann. Cas. 1915-C, 1045.

The facts in the record bring this case within the rule announced in *Boston & Maine Rd.* v. *Hooker, supra,* as regards the limitation of value and the court properly rendered judgment against appellant for only $100.

It follows that the judgment will be affirmed.