Gulf, Colorado & Santa Fe Railway Company v. Bertie Vancil.

No. 82.

1. **Value — Opinion Testimony.**—A lady passenger on a railway was deprived of the use of her wearing apparel, etc., in her trunk, which was delayed in delivery from January 18 until February 15. On the trial of an action for damages she was properly allowed to testify, that "the use of the clothes, etc., was worth $250 during the time." The opinion was competent, to aid the jury.

2. **Verdict not Excessive.**—A verdict for $125 was not excessive, where a lady visiting at a distance from home was deprived of the use of wearing apparel, save what she had on, for nearly a month, by the negligence of the railway company to deliver her trunk carried with her as baggage.

3. **Measure of Damages.**—The measure of damages for the nondelivery of baggage of a passenger is the value of the use of the property to the owner during the delay in delivery.

Appeal from County Court of Runnells. Tried below before Hon. W. A. Proctor, County Judge.

*J. W. Terry*, for appellant.—1. The court erred in admitting, over the objection of defendant, the answer of plaintiff to the ninth interrogatory, as follows: "The value of the use of my trunk and its contents, of which I was so deprived, is two hundred and fifty dollars." First. Because said answer was a mere conclusion of the witness. Second. Because it was only her right to state the facts and circumstances surrounding her case, and it then became the province of the jury to assess the amount of the damages, if any, she sustained.

2. The verdict was excessive. Railway v. Taylor, 3 Willson's C. C., sec. 193; Brown v. Adams, 3 Willson's C. C., sec. 391.

*Powell & Smith*, for appellee.

COLLARD, Associate Justice.—Suit by appellee, Bertie Vancil, against appellant, to recover damages for the value of the use of a trunk and contents (being wearing apparel, etc.) during the time the same was unreasonably delayed by defendant. The value of such use is laid at $250. Verdict and judgment for plaintiff for $125. Defendant appealed.

The plaintiff, Bertie Vancil, a single lady, of age, resident of Gonzales County, Texas, intending to go to her brother, about sixteen miles from Ballinger, on a visit for several months (and to accompany a sister who was in feeble health), reached San Antonio, where, after remaining all night, on the morning of the 17th of January, 1889, she purchased a through passenger ticket to Ballinger, Texas, from a railway company which connected with defendant's railroad at Temple, Texas, the route from Temple to Ballinger being over defendant's road. She had her

trunk checked through and received check for same, number 93. She arrived at Ballinger about 5 o'clock the next morning, had demand made for her trunk by virtue of the check, and again, on the 6th of February, made personal demand for it, and failed to get it. She brought suit for it, after which it was found and restored to her at her brother's house, on the 15th day of February, by the company's agent, who carried it to her.

The evidence shows that the check was lost from the trunk. The baggage master in the employ of defendant at Ballinger at the time the trunk should have arrived was discharged about the 19th or 20th of January, and left on the 21st, and carried the trunk with him, claiming it as his own. The company afterwards found it at Temple and had it conveyed to the plaintiff.

It was a large-sized zinc trunk, and contained plaintiff's wearing apparel, and articles for personal use such as a lady would provide for herself for an absence from home on a visit of several months. During the time plaintiff was deprived of her trunk, she had no other clothes except what she had on and what she borrowed from friends. She says she suffered great inconvenience on account of it, and that the use of the clothes was worth to her $250 during the time. She valued the contents of the trunk at $500.

The court instructed the jury that the measure of damages was the value of the use of the property to the plaintiff during the delay in delivering it to her. There is no objection to the charge. It is the law of the case. 3 Suth. on Dam., 294; Fairfax v. Railway, 73 N. Y., 167; 3 Willson's C. C., sec. 391.

It is objected by the appellant, that plaintiff was permitted by the court to state the amount of the value of the use of her property during the time she was deprived of it.

The testimony was admissible. There was no market value of such property, and in such case opinions of witnesses familiar with the facts, together with the facts and conditions, are admissible, to be judged by the jury in estimating the damages. It would be difficult in cases like this to determine the value of use by a mere statement of the facts. The opinion of a person having a knowledge of the facts would be some evidence, not an absolute guide—not binding upon the jury—but an assistance which would be available in the absence of more reliable proof. 1 Suth. on Dam., secs. 687, 802; 3 Suth. on Dam., sec. 294; Heligmann v. Rose, 81 Texas, 222.

The court below observed the proper rule in admitting the opinion of plaintiff. The jury did not adopt her opinion, but evidently considered it and all the other facts before them, as they should have done.

We are not in a position to hold that the verdict should be set aside because there was no evidence to support it, as insisted by appellant, or

because it was excessive. It was the privilege of the jury to consider the nature of the loss, and the circumstances of the deprivation as it bore upon plaintiff at the time. She was not entitled to vindictive damages, but only to the value to her of the use at the time in her situation, and we can not say the jury have certainly exceeded the proper measure of such value.

Our opinion is, that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Delivered February 8, 1893.