## Houston East & West Texas Railway Company v. Allen Seale.

### Decided March 20, 1902.

**1.—Railway Company—Baggage—Limiting Liability.**

A railway company has the right in an interstate contract of carriage to limit its liability for loss of baggage to its own line.

**2.—Same—Pleading.**

Where a demurrer was sustained to the defendant railway company's answer setting up a contract limiting its liability for the loss of plaintiff's baggage to $100, its assignment of error that, on the evidence, plaintiff's recovery should have been limited to $100, as stipulated in the contract, was untenable as being without support in the pleadings.

**3.—Same—Averment of Negligence—Public Policy—Common Law.**

Where plaintiff sought to hold the carrier upon its common law liability for loss of baggage, without any averment that the damages were caused by its negligence, the question of the validity, upon grounds of public policy, of a stipulation limiting its liability for loss due to its negligence, does not arise.

**4.—Same—Pleading—Description.**

In an action for loss and injury of a passenger's baggage, a description in the petition of the articles alleged to be lost as "three dresses, worth $300," and of those injured as "consisting of shirts, waists, collars, cuffs, and ladies' undergarments," was not sufficiently itemized and specific as against a special demurrer.

**5.—Same—Measure of Damages—Value.**

The measure of damages for loss of or injury to plaintiff's baggage while in the hands of the carrier is the actual value of the articles destroyed, and the amount of damage to those partially destroyed, with legal interest, and a recovery could not be had for deprivation of the use of the clothing, or for inconvenience, annoyance, and mortification resulting therefrom.

**6.—Same—Evidence Immaterial.**

The length of time it took plaintiff to obtain other clothing, and the purpose for which he and his ·wife went to the point of destination, furnish no basis for recovery, and evidence to show the same should not have been received.

Appeal from Nocogdoches.  Tried below before Hon. Tom C. Davis.

*Baker, Botts, Baker & Lovett* and *J. S. McEachin,* for appellant.

*Branch, Matthews, Harris & Beeson,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by Allen Seale to recover damages of the railway company for injury to baggage carried for the plaintiff over the line of the company from Nacogdoches, Texas, to Shreveport, La., on a ticket sold by the company to the plaintiff for his wife for transportation from Nacogdoches, Texas, to Colorado Springs, Colo., via Shreveport and Fort Worth.  The line of the defendant extended only to Shreveport and the journey was completed from that place over the lines of connecting carriers.  When plaintiff and his wife arrived at Colorado Springs and their trunks were delivered to them they discovered that some of the clothing in the wife's trunk had been ruined and some of it damaged by wet.

Plaintiff alleged in his petition: That the contents of the trunk "consisted of wearing apparel of plaintiff's wife and the articles destroyed were of the value of $300, and the articles partially destroyed were damaged to the extent of $200."  That he was induced to go to Colorado Springs for pleasure by excursion rates offered by the appellant, but his wife was deprived of wearing apparel "suitable for participating in the festivities and enjoyment."  He pleaded hotel bills and incidental expenses for time lost in efforts to supply other clothing; $250 damages for deprivation of the use of the clothing during the stay at Colorado Springs; and $250 on account of "inconvenience, deprivation, annoyance, and mortification" suffered by his wife in being deprived of the use of the contents of the trunk.

Demurrers to the petition were sustained requiring plaintiff to plead more specifically the nature and value of the articles destroyed and damaged, and striking out the averments of damages on account of hotel bills and incidental expenses.  Plaintiff filed a trial amendment alleging "that the totally destroyed articles in said trunk consisted of three dresses worth $300; that the articles injured consisted of shirtwaists, collars, cuffs, and ladies' undergarments; and the damage to said articles is $200."  Appellant specially excepted to the amendment because it did not sufficiently describe and itemize the articles or give their value separately or the extent of the damage.  The defendant pleaded also a contract contained in the ticket sold to the plaintiff limiting its liability to $100 on account of baggage.  To this defense the plaintiff interposed a demurrer which was sustained by the court.

A jury was waived, and upon trial by the court judgment was rendered in favor of the plaintiff for $150.

The plaintiff has brought his suit upon the contract for carriage, and seeks to hold the defendant upon its common law liability for the delivery of the baggage, which is the same as a carrier of goods. It is that of an insurer. 3 Am. and Eng. Enc. of Law, 2 ed., p. 546. The defendant relies upon the contract for a limitation of its liability to its own line, and then not exceeding $100. As a contract for carriage from Nacogdoches, Texas, to Colorado Springs, Colo., it is interstate, and the question might arise whether or not the statute of Texas (Revised Statutes, article 320) prohibiting carriers from limiting their liability as it exists at common law would apply. Houston Navigation Co. v. Insurance Co., 89 Texas, 1; Armstrong v. Railway, 92 Texas, 117. Following Armstrong v. Railway, the Court of Civil Appeals for the Fourth District has held that the statute applies to baggage checked on a ticket from San Antonio, Texas, to the City of Mexico and return. Railway v. Ware, 1 Texas Ct. Rep., 391. But we do not find it necessary to determine the question, since there is no assignment of error requiring us to do so. The court sustained the demurrer of the plaintiff to the answer setting up the defense, but the defendant only attempts to raise the question by assignments that upon the evidence the court should have done for the plaintff not exceeding $100 as stipulated in the contract. This would have been without any pleading to support it. The defendant had the right to limit its liability to its own line. Railway v. Baird, 75 Texas, 256. There is no averment in the petition that the damage was caused by the negligence of the defendant, hence the question whether on the ground of public policy the defendant might limit its liability for loss occasioned by its negligence does not arise. Nor is it alleged that the stipulation for limitation of the liability of the defendant was unreasonable. The question of negligence and unreasonableness would have to be submitted to a jury, but the right of the carrier to limit its liability under the statute was for the court.

The exception of the defendant to the trial amendment filed in response to the ruling of the court, requiring more specific allegations of the nature of the articles destroyed and damaged and the amount of the damages should have been sustained. It was scarcely more specific than the allegation in the pleading required to be amended. The particular articles of clothing and the value and the extent of the loss and damage were within the knowledge of the plaintiff, and the defendant was entitled to have pleaded an itemized list of the dresses destroyed, stating the character and value of each, and of the several articles damaged, stating the nature and character of each article and the value thereof and the extent of the damage. The exception specifically and particularly pointed out the defect in the pleading, and it should have been sustained. The information required was peculiarly within the

knowledge of plaintiff to the minutest detail, and was something about which the defendant could know nothing. Schneider v. Ferguson, 77 Texas, 574; Beck v. Avendino, 82 Texas, 315; Townes on Pleading, 278, 279.

- As the judgment must be reversed for the error indicated, we will point out with the view to another trial other errors in the record, which, however, taking into consideration the undisputed evidence as to value and the amount of the judgment, would of themselves not require a reversal if we should hold that the evidence is sufficient to sustain the finding that the injury occurred on the line of defendant, upon which we do not pass.

- The measure of damage for the loss sustained, if it occurred on the defendant's line, is the actual value of the two dresses destroyed and the amount of damage to the several articles partially destroyed, with legal interest on the aggregate amount. 3 Am. and Eng. Enc. of Law, 584; Railway v. Jackson, 62 Texas, 209. The court therefore erred in overruling the defendant's exceptions to the paragraphs in the petition claiming damages for deprivation of the use of the clothing and for "inconvenience, deprivation, annoyance, and mortification" occasioned by the loss, and in hearing evidence in support thereof. It was improper to receive evidence that plaintiff's wife was very much distressed and cried because of the damage to her wearing apparel, for her distress was not an element of damage and could have no proper bearing on the case. The length of time it took plaintiff to obtain other clothing and the purpose for which plaintiff and his wife went to Colorado Springs furnish no basis for recovery, and evidence to show the same should not have been received. The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*