## TURNER v. SOUTHERN RAILWAY.

MEASURE OF DAMAGE FOR LOSS OF BAGGAGE BY CARRIER.—In case of complete loss of baggage, no previous notice having been given the carrier of special circumstances, the recovery should be confined to the actual value of the goods lost at place of destination, without including any expense or trouble incurred in the effort to recover them, or in being deprived of their use or in purchasing other apparel.

Before KLUGH, J., Cherokee, Fall Term, 1905. Reversed.

Action by R. M. Turner against Southern Railway. From judgment for plaintiff, defendant appeals.

*Mr. C. P. Sanders,* for appellant, cites: *As to measure of damages:* 2 Fetter on Car. Pass., 1553; 3 Thomp. on Neg., sec. 3470; Ray Neg. Imp. Duties, 745; 9 Am. & Eng. R. R. Cas., 397; 41 Miss., 671; 23 Mo. App., 403; 6 Cyc., 676, 677; 3 Suth. on Dam., 2 ed., sec. 955.

*Messrs. Butler & Osborne,* contra, cite: *As to measure of damages:* 7 Rich., 190; 8 Jones L., 235; 45 S. C., 32; 25 S. C., 71; 71 S. C., 337; 3 Ency., 384, 385; 15 New Bruns., 295; 1 Tex. App. Civ. Cas., 1253; 3 Id., 192; 33 S. C., 434; 8 Ency., 614, 615; 72 S. C., 450; 16 S. E., 352; 73 S. C., 272; 65 S. C., 93, 430.

August 10, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff alleged in her complaint the loss by the defendant of her trunk and its contents, which the defendant had undertaken to carry for her as a passenger on its road from Salisbury, N. C., to Memphis, Tenn. In addition to the value of the trunk and the wearing apparel which constituted its contents, the plaintiff sought to recover for "the trouble, annoyance, worry and expense" in trying to locate the trunk and in communicating with the defendant about it, in being deprived of the use of the trunk and its contents, and in having to purchase other wearing apparel. The motion made to strike out all allegations of the complaint referring to the claim for trouble, annoyance, worry and expense, was granted by consent as to annoyance and worry, but refused as to trouble and expense incurred as above set forth. The charge to the jury as to defendant's liability for such trouble and expense was in accordance with this ruling.

The jury found a verdict for three hundred and sixty dollars, the entire amount claimed, which necessarily included $150 claimed on account of trouble and expense, in addition to the value of the baggage. The question made by appeal is, whether in case of complete loss of baggage, no previous notice being given to the carrier of special circumstances, the recovery would be limited to the actual value, without taking into the account any expense or trouble incurred in the effort to recover it or in being deprived of its use or in purchasing other apparel. The general rule is that the carrier is liable for the value only; not necessarily, however, the market value, but the value of such property for the use of the owner. 99 Am. S. Rep., 385, note; *Fairfax* v. *R. R. Co.,* 29 Am. Rep., 119 (N. Y.); *Houston & R. R. Co.* v. *Seale,* 67 S. W., 437 (Texas); *Cooney* v. *Pullman Co.,* 53 L. R. A., 690 (Ala.); 3 Am. & Eng. Ency., 584; 6 Cyc., 676.

This is the application to loss of baggage of the general rule recognized in this State, that the measure of damages for loss of goods by a carrier is their value at the place of destination. *Wallingford* v. *R. R. Co.,* 26 S. C., 268. The case of *Nettles* v. *R. R. Co.,* 7 Rich., 190, has been referred to as controlling authority for the proposition that in case of loss of goods the owner may recover not only the value of the goods but any other loss or expense occasioned by the failure to deliver. The Court does say in that case: "The defendants were by the contract, which, as common carriers, they made with the plaintiff, bound to deliver the goods in Camden within a reasonable time (*Raphael* v. *Pickford,* 5 Man. and Gran., 551). After the expiration of the reasonable time, without disproof of negligence on their part, they became answerable for the wrong of non-delivery; and if nothing more had appeared, the measure of damages would have been the value of the goods at the place where they should have been delivered, together with any reasonable loss and expense which had been directly occasioned by the wrong." That case, however, did not involve the mea-

sure of damages for loss of goods, but for delay in trans-
portation, the instruction to the jury being approved, that
plaintiff ought to have received the goods when tendered and
claimed the damages which he had sustained from non-
delivery in time, and that the verdict must be less than the
value of the goods, as it could only cover damages for delay
in delivery. The verdict of one hundred dollars was sus-
tained as a measure of the loss and expense due to delay in
transportation, not embracing nor reaching the value of the
goods, but on the contrary, as being less than the value. The
case of *Wall* v. *R. R. Co.,* 71 S. C., 337, was somewhat sim-
ilar. The verdict in the magistrate's court was for seventy-
five dollars. The Circuit Judge reduced the verdict to fifty-
five dollars, which was about the value of the baggage when
it was checked, refusing to require the plaintiff to accept the
baggage and the ten dollars tendered by defendant, the wear-
ing apparel contained in the valise having greatly dete-
riorated, by reason of the failure to deliver from June to
October. Since the plaintiff was not entitled to the baggage
as well as its value, the valise and its contents were ordered
to be returned to the defendant. The judgment was af-
firmed by this Court. There was no appeal from the portion
of the judgment ordering the baggage to be returned to the
defendant, and therefore this Court expressed no opinion on
this point, but if the case does not expressly affirm it certainly
does not deny the proposition that the measure of damages
for lost baggage is its value to the owner at the place of
destination.

The judgment of this Court is, that the judgment of the
Circuit Court be reversed unless the plaintiff shall within
thirty days remit from the verdict one hundred and fifty dol-
lars, the amount embraced therein over and above the value
of the baggage.