WELLS FARGO & COMPANY EXPRESS v. THOMAS THOMPSON.

Decided February 2, 1909.

**1.—Damages—Contract of Shipment—Breach—Special Damages—Notice.**

Where the plaintiff claimed that his health had been impaired and that he had suffered mental and physical pain on account of the failure of the carrier to deliver a shipment of medicine, the damages were special or consequential, and in order to recover it was incumbent upon him to allege and prove facts from which it would appear that it was reasonably within the contemplation of the parties to the contract of shipment that the damages sued for would likely result as a consequence of its breach.

**2.—Same.**

If the breach of the contract is caused by the failure of the carrier to transport within a reasonable time, it is essential to show that the carrier had notice at the time of making the contract of the special conditions rendering special damages the natural and probable result of the breach; but if the breach consists in the failure to make delivery after the shipment reaches its destination and when nothing remains to be done except to make delivery, it is sufficient to show that the carrier then received notice that the special damage will likely result from its negligence in this respect.

**3.—Same.**

Where the plaintiff claimed special damages for negligent delay in the delivery of a shipment of medicine consigned to a third party for his use and benefit, and the testimony showed that the carrier neither at the time of making the contract nor after the shipment reached its destination had notice of the damages sought by the undisclosed principal of the consignee, the court should have directed a verdict for the carrier.

Appeal from the County Court of Liberty County. Tried below before Hon. I. B. Simmons.

*W. H. Ward* and *Audral Vann,* for appellant.

*F. M. Stevens,* for appellee.—Where a package of medicine has been shipped and carried to its destination point, and a consignee, after its arrival, applied to the carrier's agent and stated to him the extreme urgent need of the medicine and that it was badly needed, and delivery was not made solely through the fault of the agent, the consignee was entitled to recover special damages, although notice of the peculiar facts was not given before or at the time of the making of the contract of carriage. Bourland v. Choctaw, O. & G. Ry. Co., 99 Texas, 407.

Where a package of medicine is carried by a common carrier and reaches its destination, said package being shipped in the name of a party it was not intended for, and when a demand for the package

is made the agent of the express company informs the party that he has no time to fool with it and to go on, thereby refusing to hear any further information regarding the package, then the common carrier acts at its peril, and is estopped from denying that it did not know the package was intended for the use of another, and then it is not necessary for any notice to be given the defendant company that the medicine was intended for another.

McMEANS, ASSOCIATE JUSTICE.—This is a suit by Thomas Thompson against the Wells Fargo & Company Express for damages occasioned by the alleged negligent delay of the express company in making delivery of a shipment of medicine. In the petition it is alleged that the shipment was made from Kansas City, Missouri, and that it reached Liberty, its destination, within a reasonable time, and that it remained in the express office at Liberty for more than three weeks after its arrival, and that defendant and its agents maliciously and wilfully refused to deliver the same to plaintiff's agent, although defendant's agent at Liberty was informed that the shipment was medicine of which plaintiff was in extreme need, and that his condition required immediate use thereof; that plaintiff suffered for three weeks, his health was greatly impaired, and he suffered intense physical pain and mental anguish and his mind and body were permanently injured as the result of the failure of defendant to make the prompt delivery. He prayed for judgment for $500 actual and $500 as exemplary damages. Upon suggestion that the plaintiff was of unsound mind, George K. Thompson was permitted to prosecute the suit as next friend, and of this no complaint is made by defendant.

The defendant answered by general denial and by certain special pleas, which, in the view we take of the case, need not be stated.

The case was submitted to a jury, and upon a verdict duly returned into court a judgment was entered in plaintiff's favor for $500, from which this appeal is prosecuted by defendant. No recovery was allowed for exemplary damages.

The testimony shows that at the time of the trial Thomas Thompson was twenty-five years old, and that for twenty-three years he had been afflicted with epilepsy, and that as a result of the disease his mind had become so impaired that he was not capable of transacting any business or of taking care of himself. Prior to November, 1906, Mrs. Z. A. Thompson, his mother, wrote a physician in Kansas City, Missouri, requesting him to prescribe for her son, and on the date stated the physician prescribed the use of certain medicine which he prepared and forwarded to Mrs. Thompson with directions for its use. This medicine seemed to benefit plaintiff, and several orders were sent in by Mrs. Thompson to the physician for additional quantities as needed. On July 31, 1907, in response to a request from Mrs. Thompson for an additional supply, the physician forwarded to her by the defendant express company a shipment of the medicine, and although it appears that the package containing it reached its destination within a reasonable and proper time, and was several times called for by parties sent to the defendant's office

by Mrs. Thompson for it, the defendant's agent repeatedly declared that the shipment had not arrived, and negligently failed to deliver it.

It was shown that the agent of defendant at Kansas City was not notified that the package shipped was intended for anyone other than to the party to whom it was addressed, or that it contained medicine, or that any special damage would result from a failure of the carrier to transport and deliver the same promptly. It was also shown that one of the persons calling for the package at Liberty notified defendant's agent there that the package inquired for contained medicine badly needed, and another testified that he inquired of the agent for an express package of medicine. It was shown, however, that the agent at Liberty was not informed that the package was intended for anyone other than Mrs. Thompson, nor that the plaintiff was likely to suffer by reason of its nondelivery. It is unnecessary to set out the evidence tending to establish the damage alleged, or to make any comment thereon.

By its first assignment of error appellant complains of the refusal of the trial court to give its first special charge peremptorily instructing a verdict for defendant. The damages sued for are known as special or consequential damages; and to entitle plaintiff to a recovery thereof it was incumbent upon him to allege and prove facts from which it would appear that it was reasonably within the contemplation of the parties to the contract of shipment that the damages sued for would likely result as a consequence of its breach. If the breach was caused by the failure of the carrier to transport the shipment within a reasonable time, then it seems to be the law that it is essential to show that the carrier had notice at the time of making the contract of the special conditions rendering such damages the natural and probable result of the breach (Pacific Express Co. v. Darnell, 62 Texas, 640; Belcher v. Missouri, K. & T. Ry. Co., 47 S. W., 384); but if the breach consisted in the failure to make delivery after the shipment reached its destination and when nothing remained to be done except to make delivery, it would be sufficient to show that the carrier then received notice that the special damage would likely result from its negligence in that regard. (Bourland v. Choctaw, O. & G. Ry. Co., 99 Texas, 407.)

In view of the testimony that appellant neither at the time of making the contract or after the shipment reached its destination and when nothing remained to be done except to make delivery, had notice of the special damages sought to be recovered by the undisclosed principal of the consignee, we think the refusal of the court to give the requested special charge was error. The judgment of the court below is reversed and this court here proceeding to enter such judgment as should have been rendered by the trial court, it is ordered that plaintiff take nothing by his suit and that defendant go hence with its cost.

*Reversed and rendered.*