## 2558.  FORD *v.* ATLANTIC COAST LINE RAILROAD CO.

The allegations of the petition as amended were sufficient to show a cause
of action, and the court erred in dismissing it on demurrer.

DECIDED SEPTEMBER 28, 1910.

Action for damages; from city court of Camilla—H. C. Dasher, judge pro hac vice.   February 23, 1910.

*Cox & Peacock, Davis & Merry,* for plaintiff.

*Spence & Bennet,* for defendant.

HILL, C. J.  Lizzie Ford brought suit against the Atlantic Coast Line Railroad Company, to recover damages for delay in delivering to her a trunk containing the wearing apparel of herself and of two infant children.  She alleged that she was a passenger on the line of the defendant company, and had checked her trunk to the point of her destination, and that a reasonable time for the delivery to her of her trunk would have been one day, but it was unreasonably delayed for eleven days.  Her petition as amended alleged that the trunk contained all the wearing apparel of herself and of two minor children who were with her, and that by reason of the negligence of the defendant in not safely transporting the trunk to its destination and delivering it to her upon demand, she was tortiously deprived of the use of the clothing and wearing apparel of herself and of her children for a period of about eleven days, and that she was unable to buy additional clothing and extra wearing apparel as a substitute for that contained in her trunk, greatly to her inconvenience, injury, and damage.  In her original petition she alleged that because of the deprivation of the wearing apparel, she and her children were forced to go without a change of clothing for nine days, and during this time the clothing which she and they wore became so soiled and filthy as to be indecent, and, being so far from home and among strangers, it caused her "great physical uncomforture and mental anguish and pain."  She laid her damages in the sum of $500.  The court sustained a general demurrer and dismissed her petition, and this judgment is the error assigned.

It is well settled in this State that carriers of passengers are liable for baggage as common carriers; that is, they are liable for baggage at all events, except when destroyed by the act of God or the public enemy.  *Dibble* v. *Brown,* 12 *Ga.* 224 (56 Am. D. 460) : 3 Hutch. Car. § 1241.

It is insisted by learned counsel for the railroad company that the plaintiff can not recover damages because of "physical uncomforture and mental anguish and pain" due to the wearing of soiled clothes by herself and children. It is conceded that she could recover damages for the loss of her trunk, or for injury to the trunk or its contents, or for its unreasonable delay and detention, but it is contended that "physical uncomforture and mental anguish and pain," and inconvenience on account of her not having the use of her wearing apparel that was in the delayed trunk, were not elements of damage for which she would have the right to recover. We are inclined to think that a passenger whose trunk has been unreasonably delayed, and who is thereby subjected to inconvenience resulting from the loss of wearing apparel, and is compelled to suffer physical discomfort by reason of its loss, would be entitled to damages, upon proper proof, if the damage inflicted could be estimated in dollars and cents. Certainly the physical discomfort and inconvenience of having one's clothing lost would be an element of damage in contemplation of the parties to the contract of transportation, when the trunk was received for shipment from the passenger by the railroad company. It has been held that a passenger can recover the value of the use of his wearing apparel or property contained in a lost trunk, or in a trunk which has been unreasonably delayed, due to delay in delivery. We think that the measure of damages, where a trunk has been unreasonably delayed and a passenger deprived of his wearing apparel or property necessary for his use contained in the trunk, would be the value of the use of the wearing apparel or other property so delayed, during the delay in delivering it to him. The rule for the measurement of damages in such case must be the value of the clothing or property for use by the plaintiff during the time he was deprived of such use by the tortious conduct of the defendant. *Southern Ry. Co.* v. *Wood,* 114 *Ga.* 163 (39 S. E. 922) ; Gulf, Colorado & Santa Fé Ry. Co *v.* Vancil, 2 Tex. Civ. App. 427 (21 S. W. 303) ; 3 Suth. Dam. § 955; Fairfax *v.* N. Y. Central R. Co., 73 N. Y. 172 (29 Am. R. 119). In the absence of proof of special damages, the plaintiff might recover nominal general damages.

The petition as amended set forth a cause of action, and the court erred in dismissing it on demurrer. *Judgment reversed.*