Argued March 22, decided April 11, 1911.

## BROOKS *v.* NORTHERN PAC. RY. CO.

[114 Pac. 949.]

PLEADING—COMPLAINT—CONSTRUCTION—ON DEMURRER.

1. A complaint tested by demurrer must be construed most strongly against the pleader.

PLEADING—COMPLAINT—SUFFICIENCY AS AGAINST OBJECTIONS TO EVIDENCE.

2. Where the sufficiency of a complaint is challenged by an objection to the admission of testimony, all intendments must be invoked in support of its allegations.

PLEADING—SUFFICIENCY—AS AGAINST OBJECTION TO EVIDENCE.

3. A complaint in an action against a carrier for delay in transporting the trunks of a passenger, which alleges that the passenger paid the charges for transporting "two sample trunks containing shoes," and requested the carrier's agent to check "said trunks containing said samples" for transportation, and that the agent carelessly checked the trunks, causing a delay in their transportation, shows, as against an objection to evidence, that, when the trunks were checked, the carrier's agent was notified that they contained shoes, though the words "sample

trunks" do not necessarily imply that the agent knew that the trunks contained anything more than the passenger's personal baggage.

Carriers—Transporting Passenger's Baggage—Liability.

4. A carrier checking a passenger's trunks must promptly transport them, and where the carrier's agent, with knowledge of their contents, checked them, the carrier is responsible for any delay in their transportation.

Carriers—Delay in Transporting Passenger's Baggage — Measure of Damages.

5. The measure of damages for a carrier's delay in forwarding a passenger's trunks is the value of the use of the property during the delay; the carrier's agent receiving the trunks for transportation with knowledge of their contents.

Carriers—Delay in Forwarding Passenger's Trunks—Damages.

6. Where a traveling salesman suing for negligent delay of a carrier in forwarding his trunks containing his samples alleged that he incurred expenses amounting to $16 for board and lodging while waiting for his trunks to enable him to transact business, and that the delay postponed his arrival home, and the difference between his expenses at his residence and the expenses incurred during the delay was not shown, a verdict for $12.50 was not prejudicial to the carrier.

From Multnomah:  William N. Gatens, Judge.

Statement by Mr. Justice Moore.

This is an action by John T. Brooks against the Northern Pacific Railway Company, to recover damages for the delay occasioned by defendant's failure promptly to transport trunks and their contents.  The complaint states, in effect, that defendant is a corporation engaged as a common carrier for hire between the places hereinafter named; that on or about April 8, 1908, plaintiff purchased from defendant a ticket entitling him to a passage over its lines of railway from Forsythe, Mont., to Billings, in that state, from whence he had a ticket over such line to Butte, Mont.; that on April 8, 1908, at Forsythe, he "paid to the defendant the necessary and proper charge required by defendant for transporting two sample trunks containing shoes and belonging to said plaintiff, and requested the agent of said defendant to check the said trunks containing said samples for transportation by next train from Forsythe, Mont., to Butte, Mont., but that said agent carelessly and negligently

checked the said trunks for transportation to Billings";
that during all the times herein mentioned plaintiff was
a traveling salesman for the Brockton Co-operative Shoe
Company, journeying at his own expense and receiving
as compensation a commission on his sales; that he
arrived at Butte on the morning of April 9, 1908, but in
consequence of the defendant's negligence in checking
his trunks they did not reach that city until late in the
day of April 11, 1908, and could not be used in his busi-
ness until the following morning; that his employment
required of him a solicitation of business from patrons
by exhibiting samples of shoes which he carried in such
trunks, and by reason by their nonarrival at Butte for
three days he was deprived of their use for that period;
that during that time he incurred expenses of board,
lodging, etc., to the amount of $16, and his services were
reasonably worth $20 a day, or $60; and that in conse-
quence of such negligence he had been damaged to the
extent of $76, for which sum judgment was demanded.
The answer admitted the incorporation of the defendant
and the business in which it is engaged, but denied all
other averments of the complaint. The cause was tried
without a jury, and findings of fact and of law were made
consistent with the averments of the complaint, except
that plaintiff was deprived of the use of trunks and
samples only 2½ days and his expenses during that time
were at the rate of $5.00 a day, and, having rendered a
judgment against defendant for the sum of $62.50, it
appeals.                                    AFFIRMED.

For appellant there was a brief over the names of
Messrs. *Carey & Kerr* and Mr. *Omar C. Spencer*, with an
oral argument by Mr. *Spencer*.

For respondent there was a brief over the names of
Messrs. *Moser & McCue* and Mr. *William A. Williams*,
with an oral argument by Mr. *Williams*.

MR. JUSTICE MOORE delivered the opinion of the court.

It is maintained that the complaint does not aver the giving of any notice to defendant's agent in Forsythe of the contents of the trunks when they were delivered for transportation, and, such being the case, the pleading does not state facts sufficient to constitute a cause of action, and an error was committed in basing a judgment thereon. It is not expressly alleged in the complaint that the baggageman was notified by plaintiff that the trunks contained shoes. The mere statement in the pleading of "sample trunks" does not necessarily imply that defendant's agent knew these receptacles contained anything more than plaintiff's personal baggage: *Rossier* v. *Wabash R. Co.,* 115 Mo. App. 515 (91 S. W. 1018). It will be remembered that the term "sample trunks" as first used in the excerpt quoted is qualified by the phrase "containing shoes," and, as thereafter employed, the words "said trunks" are limited by the designation "containing said samples." The sufficiency of the complaint was not challenged by demurrer. Objections, however, were interposed to the admission of testimony tending to show that, when the trunks were checked, defendant's agent was notified that they contained shoes.

1. When the averments of a complaint are tested by a demurrer, they are to be construed must strongly against the pleader.

2. On questions relating to the admissibility of evidence, all intendments are to be invoked in support of the allegations of the pleading: *Cederson* v. *Oregon Navigation Co.,* 38 Or. 343 (62 Pac. 637: 63 Pac. 763).

3. Measured by this rule, though the averments of the complaint respecting these facts are quite informal, it is believed the pleading is sufficient, as its allegations were not contested by a demurrer.

4. It was the duty of the railway company promptly to transport the trunks, and if its agent, with knowledge

of their contents, checked them, the defendant is responsible for the delay:  Oakes v. N. P. R. Co., 20 Or. 392 (26 Pac. 230: 12 L. R. A. 318: 23 Am. St. Rep. 126) ; Wells v. Great Nor. R. Co., 59 Or.——(114 Pac. 92). The complaint, in the absence of a demurrer, being adequate as to the averments of notice of the contents of the trunks, no error was committed in permitting plaintiff to testify that he told the defendant's agent the sample trunks were filled with shoes.

5. The remaining question is the standard of indemnity for the loss which plaintiff sustained.  The measure of a passenger's damages for a carrier's delay in forwarding his trunks is the value of the use of the property in the meantime:  Gulf R. Co. v. Vancil, 2 Tex. Civ. App. 427 (21 S. W. 303) ; Texas R. Co. v. Douglas, [Tex. Civ. App.] (30 S. W. 487).  The plaintiff's testimony is to the effect that without samples he could not secure orders, and that during his stay in Butte competitors were in the field, at which time and place his average commission would have been $20 a day.

6. The complaint alleges as special damages the expenses incurred by plaintiff on account of board and lodging for three days.  He testified that he lived at Ocean Park, Wash., and that the delay postponed, to that extent, his arrival home, and that while waiting for his trunks his expenses were $16.  If he were at his domicile, it is possible that his living expenses might have been less than at a hotel, and, as he was required to pay the cost of his meals at his residence, it would seem that he is entitled to recover the difference between such cost and the sum paid out at Butte as expenses.  But, however that may be, the difference is not disclosed by the testimony, and, as the court did not allow the sum demanded, we believe no prejudicial error was committed in awarding $12.50 for that purpose.

Other errors are assigned, but, deeming them unimportant, the judgment is affirmed.          AFFIRMED.