GULF, C. & S. F. RY. CO. v. CHAMBERS et al.

(Court of Civil Appeals of Texas. Galveston. April 26, 1912. On Motion for Rehearing, June 25, 1912. Appellees' Motion for Rehearing Denied Oct. 10, 1912.)

1. CARRIERS (§ 408*)—NEGLIGENT DELAY IN DELIVERY OF BAGGAGE — MEASURE OF DAMAGES.

The ordinary measure of damages for delay by a carrier in the transportation and delivery of baggage is the value of the use of the baggage during the delay.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. § 408.*]

2. CARRIERS (§ 406*) — NEGLIGENT DELAY IN DELIVERY OF BAGGAGE—LIABILITY.

Where a carrier in custody of a passenger's baggage at the end of its line was notified by the passenger that the baggage had been shipped for delivery to another carrier for transportation by it to the passenger's destination, the original carrier was responsible for any damages due to its negligent delay in forwarding the baggage by the connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1550–1553; Dec. Dig. § 406.*]

3. CARRIERS (§ 408*)—DELAY IN DELIVERY OF BAGGAGE—DAMAGES.

Where a carrier negligently delayed the delivery of a passenger's baggage, though notified by the passenger that she would be greatly disappointed if the baggage, consisting of her Christmas clothes, was not promptly forwarded to her destination, the damages recoverable were limited to the value of the use of the property during the delay.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. § 408.*]

On Motion for Rehearing.

4. CARRIERS (§ 406*)—DELAY IN DELIVERY OF BAGGAGE—LIABILITY.

A carrier maintained its own depot in a city, at which it delivered all baggage transported to the city, unless the passengers had tickets calling for transportation beyond the city over a connecting line, in which case the baggage was delivered at a union depot, where it and the connecting carrier had a common depot and baggage master. A passenger's ticket was only to the city, and she did not inform the agent selling the ticket and checking her baggage that she wanted her baggage checked to the union depot in the city, and the baggage was delivered to the carrier's separate depot. The agent at the union depot was informed by the passenger that she desired the baggage forwarded to her destination on the line of a connecting carrier, and he promised that this would be done, and took the check given her for the baggage and gave her another check to her destination. Held, that the original carrier performed its contract for the carriage of the baggage when it delivered the same at its separate depot; and the promise by the agent at the union depot to forward promptly ap-

plied only when the baggage reached such depot.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1550–1553; Dec. Dig. § 406.*]

5. CARRIERS (§ 406*)—CONTRACTS—AGENTS—POWERS.

A baggagemaster in a union depot, who is the common agent of all carriers using the depot, is without authority to make a contract for a carrier also maintaining a separate depot as to the carriage of baggage properly delivered to and in the custody of the agent at the separate depot.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1550–1553; Dec. Dig. § 406.*]

Appeal from Liberty County Court; J. B. Simmons, Judge.

Action by Miss Ulma Chambers against the Gulf, Colorado & Santa Fé Railway Company and others. There was a judgment for plaintiff against defendant named, and in favor of defendant the Texas & New Orleans Railroad Company, and defendant named appeals. Reversed and rendered for defendant named, and affirmed in favor of defendant the Texas & New Orleans Railroad Company.

Terry, Cavin & Mills, of Galveston, and F. J. & R. C. Duff, of Beaumont, for appellant. Marshall & Harrison, of Liberty, for appellee Ulma Chambers. Baker, Botts, Parker & Garwood, of Houston, for appellee Texas & N. O. R. Co.

PLEASANTS, C. J. This suit was brought by appellee Miss Ulma Chambers, who sued by her next friend, Miss Kate Chambers, against the appellant, Gulf, Colorado & Santa Fé Railway Company, and the appellee Texas & New Orleans Railway Company to recover damages for the failure of defendants to promptly transport and deliver to appellee, at Liberty, Tex., a trunk containing her personal wearing apparel, which appellant, Gulf, Colorado & Santa Fé Railway Company, accepted for transportation and agreed to transport as baggage from Newkirk, Okl., to Houston, Tex., and there deliver to its connecting line, the Texas & New Orleans Railroad Company, for transportation to Liberty, Tex.

Plaintiff's petition contains the following allegations:

That on the 22d day of December, 1909, plaintiff, who was at Newkirk, Okl., which is a station on the Atchison, Topeka & Santa Fé Railway Company, bought a ticket over the Atchison, Topeka & Santa Fé Railway Company and its connecting carrier, the Gulf, Colorado, & Santa Fé Railway Company, from Newkirk, Okl., to Houston, Tex. That in connection with the purchase of said ticket plaintiff had a certain trunk checked as baggage, which trunk contained personal wearing apparel and other property. That at the time she checked the trunk she advised the agent that it was very important that the trunk be transported at once to Houston, Tex., so that it could be re-

checked immediately to Liberty, Tex. On the 22d day of December plaintiff took passage on one of the trains of the Atchison, Topeka & Santa Fé Railway Company, and arrived at Houston on the 24th day of December, 1909. That upon arrival at Houston at what is known as the Grand Central Depot plaintiff purchased a ticket over the Texas & New Orleans Railway Company to Liberty, Tex. That in line with the purchase of said ticket she attempted to recheck her trunk from Houston to Liberty. That she delivered to the baggage agent of the Texas & New Orleans Railway Company the check which had been given her by the Atchison, Topeka & Santa Fé Railway Company, and he gave her a check which entitled plaintiff to have her trunk transported over the Texas & New Orleans Railway Company from Houston to Liberty, and that at the time of procuring the check for said trunk at Houston plaintiff advised and informed the baggage agent that it was very important and necessary that the said trunk be transported immediately to Liberty, because it contained all her wearing apparel, except what she was wearing, and she would be greatly inconvenienced and incommoded if same was not promptly transported to Liberty.

"Plaintiff alleged: That the Gulf, Colorado & Santa Fé Railway Company and the Texas & New Orleans Railroad Company were connecting carriers, and have a common depot, known as the Grand Central Depot, and common baggagemaster at said depot in Houston. That the trunk contained all of her wearing apparel, except that which she was wearing. That defendant failed and refused to deliver said trunk to her for eight days after the same should have arrived at Liberty. That the trunk did not reach Liberty until the 30th day of December, 1909, and that the plaintiff was deprived of the use of her wearing apparel from the 24th day of December, 1909, to the 30th day of December, 1909. That the value of the use of the wearing apparel and the inconvenience, discomfort, vexation, and annoyance that plaintiff suffered therefrom damaged plaintiff in the sum of nine hundred ninety-five ($995) dollars. That at the time she checked the trunk at Newkirk, Okl., she told the agent that she was returning home to spend the Christmas holidays and festivities, and that she had made special clothes to wear to same."

The defendant Gulf, Colorado & Santa Fé Railway Company answered by general demurrer, special exceptions, and general denial.

The trial in the court below, with a jury, resulted in a verdict and judgment in favor of appellee against the appellant for the sum of $500, and in favor of the Texas & New Orleans Railroad Company that appellee take nothing against it.

Without setting out or discussing the testimony in detail, it is sufficient to say that the evidence raised the issue of negligence on the part of appellant in failing to promptly deliver the trunk at the Grand Central Depot in Houston for transportation over the Texas & New Orleans Railroad Company to Liberty; and because of such negligence appellee was deprived of the use of her wearing apparel contained therein from the 24th to the 30th of December, 1909.

We also think the evidence fails to show that the delay in the delivery of the trunk was caused or contributed to by any negligence on the part of the Texas & New Orleans Railroad Company, and the trial court correctly instructed a verdict in favor of said company.

[1-3] The charge of the trial court upon the measure of the damages that plaintiff might recover is as follows: "You are instructed that, should you find from the evidence that plaintiff is entitled to recover from the Gulf, Colorado & Santa Fé Railway Company, as hereinbefore charged, you will find for the plaintiff in such sum as you may find the value of the use of said wearing apparel to have been; and in determining this you may consider the inconvenience, if any, or the discomfort, if any, that plaintiff suffered by reason of such delay, and which, from the notice defendant had regarding such baggage and necessity of its prompt delivery, might reasonably have been anticipated or expected by it, in case of delay in delivery."

Under an appropriate assignment of error, appellant assails this charge, on the ground that plaintiff was not entitled to recover damages for inconvenience and discomfort caused her by the delay in the delivery of her trunk, because such damage was too uncertain and remote.

We think this objection to the charge is well taken. It seems to be well settled that the ordinary measure of damage for delay by a carrier in the transportation and delivery of the baggage of a passenger is the value of the use of the property during the delay. Railway Co. v. Vancil, 2 Tex. Civ. App. 427, 21 S. W. 303; Railway Co. v. Douglass, 30 S. W. 487; Railway Co. v. Seale, 28 Tex. Civ. App. 364, 67 S. W. 437; Elliott on Railroads, vol. 4, p. 628.

The evidence shows that the trunk arrived in the city of Houston on the same day that plaintiff reached that place, but, instead of being unloaded at the Grand Central Depot, where it should have been transferred to the Texas & New Orleans Railway Company, it was carried to the appellant's depot in said city. The agent of appellant at the Grand Central Depot was informed by plaintiff, when she found that her trunk was not there, that the trunk had been shipped from Newkirk for delivery to the Texas & New Orleans Railway Company, to be transported by it to Liberty, and that all of plaintiff's Christmas clothes were in said trunk, and she

would be greatly disappointed if it was not forwarded to her at Liberty as soon as it reached Houston. The trunk was at that time in the custody of the appellant at Houston. The appellant, after receiving this notice, should be held responsible for any damage due to its negligent delay in forwarding the trunk. Wells Fargo Co. v. Thompson, 53 Tex. Civ. App. 515, 116 S. W. 607. But the injury for which damages can be recovered must be real and substantial, and not imaginary or merely sentimental. We think it would be an unreasonable extension of the doctrine which, under some circumstances, allows recovery of damages for mental anguish, unaccompanied by physical suffering, to permit a recovery for mental suffering due only to disappointment at being deprived of the pleasure of having "glad rags" to wear at Christmas time.

We think the general rule for the measure of damage before stated should apply in this case, and plaintiff could only recover the value of the use of her clothes during the time she was deprived of their use by appellant's negligence.

It follows that the judgment of the court below should be reversed, and the cause remanded; and it has been so ordered.

Reversed and remanded.

### On Motion for Rehearing.

[4] In our former opinion filed herein on April 26th, after stating the nature and result of the suit, we say: "Without setting out or discussing the testimony in detail, it is sufficient to say that the evidence raised the issue of negligence on the part of appellant in failing to promptly deliver the trunk at the Grand Central Depot in Houston for transportation over the Texas & New Orleans Railroad Company to Liberty; and because of such negligence appellee was deprived of the use of her wearing apparel contained therein from the 24th to the 30th of December, 1909." Upon re-examination of the record, we are of opinion that we erred in this conclusion.

The evidence shows that the appellant railway company, at the time the trunk was carried for Miss Chambers, had its own depot in the city of Houston, at which it delivered all baggage carried for passengers transported by it to said city, unless such passenger had a ticket calling for transportation beyond said city over a connecting line, in which case the baggage checked on such ticket was delivered at the Grand Central Depot in said city, where appellant and its connecting carriers had a common depot and a baggagemaster, who was the common agent of all of the roads using said depot.

The appellee Miss Chambers did not have a through ticket from Newkirk to Liberty, but her ticket was only to Houston; and she did not inform the agent at Newkirk that she did not intend to stop in Houston, and wanted her trunk checked to the Grand Central Depot, so that it could be there delivered to the connecting carrier for transportation to Liberty. When she reached Houston, she got off the train at the Grand Central Depot, purchased her ticket to Liberty, and went to have her trunk rechecked to that place, and found that it had not been delivered at that depot. She informed the baggagemaster there, the common agent of appellant and the other roads using said depot, that the trunk had been shipped from Newkirk, and that she desired it forwarded to Liberty as soon as it reached Houston. He promised her that this would be done, took the check given her for the trunk at Newkirk, and gave her another check for said trunk to be transported to Liberty. At that time the trunk had been delivered at the Santa Fé Depot in Houston, but neither the baggagemaster nor the said appellee were aware of that fact; both supposing that it had not then reached Houston. We think upon these facts it must be held that the contract for the carriage of the trunk was fully performed when the appellant delivered it at its depot in the city of Houston.

The promise of the baggagemaster at the Grand Central Depot that the trunk would be promptly forwarded to Liberty when it reached Houston was not made with knowledge of the fact that it had already been delivered at the Santa Fé Depot, and cannot be considered as an agreement that it would be sent back from that depot to the Grand Central Depot, in order that it might be from there forwarded to Liberty. We think the promise was only that the trunk would be promptly forwarded when it reached the Grand Central Depot.

[5] If, however, it should be construed as an agreement to have the trunk returned from the Santa Fé Depot to the Grand Central Depot, the baggagemaster had no authority to make such agreement. He was the agent of appellant only in the handling of baggage which came to the Grand Central Depot, and had no authority to make any contract for the appellant in regard to the carriage of baggage which had been properly delivered to and was in the custody of its agent at its own depot in said city. Such being the undisputed evidence, we think appellee has no cause of action against appellant.

It follows that the motion for rehearing filed by the appellant should be granted, our former judgment set aside, and judgment here rendered that appellee take nothing against the appellant by reason of this suit.

As said in the main opinion, we think the trial court properly instructed a verdict in favor of the appellee Texas & New Orleans Railroad Company, and the judgment in favor of that company is affirmed.