HOUSTON & T. C. RY. CO. v. HIRSCH.

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1913.)

1. EVIDENCE (§§ 489, 568*)—OPINION EVIDENCE—VALUE.

While plaintiff's opinion as to the value of the loss of the use of wearing apparel constituting his baggage is admissible in evidence in an action against a carrier for damage for delay in delivery, it may be disregarded by the jury if unreasonable.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2274, 2392–2394; Dec. Dig. §§ 489, 568.*]

2. CARRIERS (§ 408*)—BAGGAGE—DELAY IN DELIVERY—EXCESSIVE DAMAGES.

Evidence, in an action against a railroad company for the value of the use of wearing apparel constituting plaintiff's baggage, deliv-

ery of which was delayed by the carrier, *held* to show that a verdict of $225 was excessive and will be reduced to $50.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. § 408.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by Jules Hirsch against the Houston & Texas Central Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed as modified, provided the amount of the judgment is reduced; otherwise, reversed and remanded for new trial.

Lane, Wolters & Storey, of Houston, for appellant. Meyer C. Wagner, of Houston, for appellee.

MOURSUND, J. Appellee, on May 21, 1912, recovered judgment against appellant for $225, with interest thereon from date of judgment at the rate of 6 per cent. per annum, as damages sustained by him on account of delay in transporting a certain trunk as baggage from Houston, Tex., to Boston, Mass. The trunk contained wearing apparel belonging to appellee, who on December 20, 1910, purchased from appellant a ticket from Houston to Boston, where his family temporarily resided, and checked his trunk as baggage. He arrived in Boston on December 23d, but did not receive his trunk until the morning of January 2d. On December 27th appellee wired appellant's general passenger agent, complaining because of nonarrival of his trunk and asking what he should do. On December 29th the appellant's baggagemaster at Houston telegraphed him that the trunk would leave Houston that afternoon. The trunk contained one full dress suit, a tuxedo suit, a Prince Albert suit, two business suits, a silk hat, a derby hat, sixteen shirts, a topcoat, a large amount of underwear, thirty collars, a pair of pumps, a pair of dress shoes, two extra vests, a fur coat, a lot of gold shirt and cuff buttons, a lot of handkerchiefs, and a large quantity of neckwear. The aggregate cost of this supply of wearing apparel, as testified to by appellee, was about $424.50, but a large portion thereof had been purchased a year before the time and had been used to some extent. Appellee testified that his damage on account of the delay in recovering the trunk was at least $700. Upon motion for new trial, misconduct of the jury was alleged, but the testimony of two jurors merely showed that upon several ballots the jurors varied greatly in their estimates of the damages, one persisting through several ballots in voting for $700 damages, while the others favored giving lower sums, one voting for $25. The final average being approximately $225, that sum was finally agreed upon. There was no agreement to abide by the average.

The only issue raised upon this appeal is whether the verdict is excessive.

The recovery was solely for the value of the use of the apparel, and while the jury did not accept the opinion of appellee to the effect that such value was at least $700, which amount was $200 higher than demanded in the suit, yet they allowed the sum of $225, which, considering the short time the apparel was detained, is entirely out of proportion to the value thereof. No explanation is made tending to show why the use would have been so very valuable, and the opinion of a man who says the use for nine days of apparel, costing in the aggregate about $425, was worth at least $700, can be of no assistance in arriving at the true amount of the damages.

[1] While it is held that such opinion is admissible (Railway v. Vancil, 2 Tex. Civ. App. 427, 21 S. W. 303), the same may be so extravagant and unreasonable as to show on its face that it constitutes no guide at all to the jury.

[2] The verdict is so excessive as to convince us that the jury took into consideration the highly exasperated condition of plaintiff's mind, instead of confining themselves to the issue of what was the value of the use of the apparel.

We are unwilling to affirm the judgment for more than $50, and therefore reverse the same and remand the cause for a new trial, unless appellee shall within 20 days from this date file in this court a remittitur of all damages in excess of $50, upon the filing of which remittitur, however, the judgment will be reformed and affirmed.